143 So.2d 309

**Relfe S. PRUETT et al.**

v.

**RALSTON PURINA COMPANY.**

4 Div. 136.

Supreme Court of Alabama.

July 12, 1962.

Roy H. Phillips and Smith & Smith, Phenix City, for appellants.

Cornett & Perdue, Phenix City, for appellee.

MERRILL, Justice.

This is an appeal from an order denying appellants' petition for intervention and granting appellee's motion to strike the petition. There seems to be no question that a judgment or decree denying the right of intervention is appealable. Rollins v. Deason, 263 Ala. 358, 82 So. 2d 546, and cases there cited.

Appellee sued appellants A. W. Pitts, Sr. and Annie Pitts on an account in August, 1960. Pleas of the general issue and recoupment were filed, various other pleadings were had, and the cause was set for trial on April 9, 1962. On Friday, April 6, appellants A. W. Pitts, Jr. and Relfe S. Pruett filed their petition to intervene, alleging that they, together with the original defendants, were a partnership doing business under the name of A. W. Pitts Company, and that they, as partners, were interested in the litigation; and that they were interested in the claims against appellee as shown in the pleas of recoupment filed by the original defendants. They sought to intervene under Tit. 7, § 247, Code 1940, which provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the ground upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint."

The court denied the petition on the grounds that the petitioners did "not have such an interest in the outcome of this proceeding as to entitle them to intervene;" that permitting an intervention would authorize the setting up of a partnership claim of recoupment where no such claim existed in the original suit; that a judgment against the two original defendants would not be a judgment against the partnership; and that petitioners had waited more than twenty months after the filing of the suit and only three days before the cause was set for trial to file their petition for intervention.

◼ The statute says, and our cases hold, that the right to file a petition of intervention is dependent upon the claim of interest by the petitioner in the matter in litigation. Tit. 7, § 247; Greene v. Greene, 220 Ala. 395, 125 So. 640. Appellants have failed to show such an interest as will sustain the proposed intervention. The suit was against A. W. Pitts, Sr. and Annie Pitts, individuals. It was not against a partnership, nor against all the members of the partnership. As pointed out by the trial court, a judgment against the defendants would not be a judgment against the partnership. While partners are usually "interested" in the outcome of any suit against an individual partner, that is not the "interest" required by the statute, and will not, of itself, support an intervention. The word "interest" as used in the intervention statute means more than mere concern. 67 C.J.S. Parties § 57b, p. 985.

◼ The statute also requires that the intervention should be "filed by leave of court." The Supreme Court of the United States construed a statute similar to ours in Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521, and held that "leave of court" gives the trial court the right to exercise judicial discretion, and if the request to intervene is made for the first time in a case that has been pending for two years, and the day before it is to be tried, it is a reasonable exercise of that discretion to refuse the request.

In Hulst v. Dower, 121 Colo. 150, 213 P.2d 834, the cause had been pending nearly four years. On October 20, 1947, trial was set for January 20, 1948. On December 27, 1947, motions seeking intervention were filed. The court said that "the fact that plaintiffs in error delayed until the eve of the trial date of the main action to file application to intervene, * *, in itself, as we think, justified the trial court's order of denial."

◼ Here, appellants had knowledge of the suit since its inception some twenty months prior to the attempt to intervene, and the petition was filed on Friday before the cause was set for trial on Monday. We think the trial court was justified in denying leave to intervene under the authorities cited.

The statute provides that, to entitle one to file a petition for intervention, he must obtain leave of the court to do so on notice to opposing parties. Our cases required this procedure even prior to the enactment of the statute. Greene v. Greene, 220 Ala. 395, 125 So. 640.

The decree of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.