207 So.2d 132

## Ex parte JEFFERSON CABLE-VISION CORP.

### 6 Div. 497.

Supreme Court of Alabama.

Feb. 8, 1968.

————————

Spain, Gillon, Riley, Tate & Ansley and Foster Etheridge, Birmingham, for petitioner.

Corretti, Newsom & Rogers, Birmingham, for respondent.

SIMPSON, Justice.

Litigation is pending in the Tenth Judicial Circuit of Alabama, in Equity, in which Telvue Cable Alabama, Inc. is the complainant and the City of Homewood, a municipal corporation, is respondent, as is South-ern Bell Telephone and Telegraph Company, a corporation. This bill of complaint was filed on February 20, 1967. The respondents filed demurrers which were overruled and subsequently filed answers.

Thereafter, oral hearing was set on July 7, 1967, before respondent, Judge William C. Barber, at which time the City of Homewood filed an amended answer. The oral hearing was recessed by respondent until July 10, 1967, on which date the petitioner herein filed an Application for Leave to File Petition in Intervention to which was attached a Petition in Intervention. A hearing was held on the Petition in Intervention on July 14, 1967, at which time the respondent herein denied the petition and dismissed the same.

The case is here on a petition for Writ of Mandamus seeking to compel the respondent to vacate the decree dismissing the Petition for Intervention.

No purpose would be served by discussing the merits of the case presently pending between Telvue Cable Alabama, Inc. and the City of Homewood.

The respondent's brief adequately states the reason for the denial by the trial court of the Petition for Intervention, to-wit:

"* * * the Petitioner herein was aware of the pendency of this cause and the cause seeking similar relief filed in the Circuit Court, Tenth Judicial Circuit of Alabama, in November 1965, and had been furnished copies of all pleadings, and had attended all hearings and conferences held in connection with these cases, and had submitted amicus curiae briefs, and yet it delayed until three days after the oral hearing had commenced on July 7, 1967 to file its Application for Leave to Intervene."

The facts just quoted make a stronger case for the denial of the Petition for Intervention than the case of Pruett v. Ralston Purina Co., 273 Ala. 594, 143 So.2d 309; and on the authority of that case, we can-

not say that the court erred in denying the Petition to Intervene.

Writ denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.