208 So.2d 209

Jeanette CAMPBELL

v.

CITY OF ATTALLA.

7 Div. 787.

Supreme Court of Alabama.

March 7, 1968.

Roy D. McCord and J. D. Pruett, Gadsden, for appellant.

Copeland & Copeland and E. K. Hanby, Gadsden, for appellee.

**MERRILL,** Justice.

This appeal is from a decree denying, dismissing and striking the petition of appellant, Jeanette Campbell, to intervene in a civil case wherein her husband, Don Campbell, was a party respondent.

On July 29, 1966, the City of Attalla filed suit against Mrs. Luther B. Foust and Don Campbell, asking that Campbell be temporarily restrained or enjoined from establishing, keeping or maintaining a house trailer on Mrs. Foust's property.

The court overruled respondent's demurrers, and later, overruled respondent Don Campbell's motion for additional parties to be added to the suit. Appellant was not one of those parties. Answer was filed and the cause was set for hearing on December 16, 1966. The record shows that some evidence and testimony had been presented and heard before December 16. The respondents presented documentary evidence to the court as late as April 4, 1967.

On May 16, 1967, exactly five months after the cause was set for hearing, appellant filed her petition to intervene. Her petition averred that she was married to the respondent Campbell and was related to the respondent Foust. Also, that she had made the arrangements for the location of the house trailer on the lot, and that her husband was soon to be inducted into the Armed Forces of the United States of America. She further averred that she was

an occupant before and at the time of the filing of the suit and has certain rights arising out of her occupancy. The petition to intervene was stricken upon the motion of the appellee on May 30, 1966, and the appellant appeals.

In Pruett v. Ralston Purina Co., 273 Ala. 594, 143 So.2d 309, we said:

"The statute (Tit. 7, Sec. 247, Code 1940) also requires that the intervention should be 'filed by leave of court.' The Supreme Court of the United States construed a statute similar to ours in Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521, and held that 'leave of court' gives the trial court the right to exercise judicial discretion, and if the request to intervene is made for the first time in a case that has been pending for two years, and the day before it is to be tried, it is a reasonable exercise of that discretion to refuse the request."

Title 7, Section 247, also states that an intervenor may intervene "before the trial." We have held that Section 247 applies to proceedings in equity as well as to actions at law. Smith v. Palmer, 268 Ala. 686, 110 So.2d 287; Rollins v. Deason, 263 Ala. 358, 82 So.2d 546; and Section 247 and Equity Rule 37 are both applicable here. Not only was no leave granted, a common requirement of both Section 247 and Equity Rule 37, but the petition to intervene was filed after the trial was in progress.

It is evident from the record that the trial had already begun when the petition for intervention was filed. (Appellee states in brief that it had ended and the court had taken the case for consideration and decision prior to the filing of the petition, but the record fails to show this fact and it is not a basis of our holdings.) Appellant, being the wife of one of the respondents, was bound to know of the filing of the case and of its progress.

We find no error in the exercise of the trial court's judicial discretion in denying

the petition for intervention. Pruett v. Ralston Purina Co., 273 Ala. 594, 143 So.2d 309; Ex parte Jefferson Cablevision Corp., 281 Ala. 657, 207 So.2d 132, decided February 8, 1968.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.