352 So.2d 1137 (1977)
In re SUMTER COUNTY BOARD OF EDUCATION
v.
ALABAMA STATE TENURE COMMISSION.
Ex parte Sumter County Board of Education.
SC 2801.
Supreme Court of Alabama.
December 9, 1977.
*1138 Perry Hubbard, Tuscaloosa, for petitioner.
W. Troy Massey, Sp. Asst. Atty. Gen., Montgomery, for respondent.
Truman Hobbs, Montgomery, on behalf of Alabama Education Association, amicus curiae.
PER CURIAM.
In its petition for writ of certiorari, the petitioner has asked us to reverse the Court of Civil Appeals, 352 So.2d 1133, which held controlling State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala. 1977), and to overrule that case. This Court declines to either overrule or modify Mountain Brook, but due to earnest insistence of counsel, the Court has undertaken in this opinion to explain the basis of that opinion with particular emphasis as to the scope of review of Tenure Commission decisions by the Court of Civil Appeals and this Court.
As we pointed out in Mountain Brook, the Alabama State Tenure Commission was created by the legislature as an administrative agency with the function, inter alia, of reviewing actions of boards of education cancelling tenured teachers' contracts. Tit. 52, § 360, Code of Alabama 1940 (§ 16-24-10 Code of Alabama 1975). Under this Section, the action of the State Tenure Commission is final and conclusive, if taken in compliance with the provisions of Chapter 13 of Tit. 52, § 351, et seq., (Chapter 24 of the Code of 1975) and unless unjust.
We said in Mountain Brook that review is by mandamus in the circuit court, and that its judicial review is limited to two determinations, first, whether the Tenure Commission's action was made in compliance with the provisions of the chapter, and second, whether this action was unjust. There was no question in Mountain Brook but that the procedural requirements of the chapter were met. As to the second inquiry, we stated the issue to be "whether there was sufficient evidence before the Commission to support its conclusion that the decision of the Board of Education should be reversed.
If there was sufficient evidence to support such a conclusion, then the decision of the Commission must be affirmed as not unjust." There, we concluded that the evidence was sufficient to support the Commission's findings and conclusion.
We shall now proceed to explain the meaning of the term "sufficient evidence" to support the conclusions of the Commission, i. e., the scope of review by the Court of Civil Appeals on review of the Tenure Commission's ruling.
The petitioner suggests that the rule of appellate review as to whether the decision of the Tenure Commission is "unjust" or not is whether there is any sufficient evidence in the record to support the judgment of the local school board. In other words, petitioner contends that the local school board can be reversed by the State Tenure Commission only if there is no sufficient evidence to support the Board's judgment.
On the other hand, respondent's position is that the true test as to whether the decision of the Tenure Commission is "unjust" or not is whether that decision is unsupported by any competent evidence in the record. Thus, the respondent would say that the decision of the Tenure Commission can be reversed by the appellate court only if there is no competent evidence in the record to support the Tenure Commission's decision.
We accede to neither view. In Mountain Brook, we stated the rule to be if "there was sufficient evidence to support" the conclusion of the Tenure Commission then its *1139 decision must be affirmed as "not unjust." We did not think it necessary to indicate our views as to what would constitute sufficient evidence, because we found sufficient evidence to support the Commission's findings and conclusions. We did commend, in Mountain Brook, the opinion which Mr. Justice Kohn authored for this Court in State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823 (1968) as "an erudite and full discussion of the role of the State Tenure Commission."
In Madison County Mr. Justice Kohn wrote, "Was the conclusion of the State Tenure Commission unjust? The preponderance of the evidence and the overwhelming weight of the evidence did not warrant such a conclusion." Thus, it clearly appears that in that decision this Court considered the appellate rule of review to be the "preponderance of the evidence" and the "overwhelming weight of the evidence."
Therefore, we hold that the State Tenure Commission's conclusions and judgment will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and the overwhelming weight of the evidence.
It is self-evident that if a Tenure Commission's decision is against the preponderance of the evidence and the overwhelming weight of the evidence, there is not sufficient evidence to support such conclusion.
Moreover, to the extent that any existing case law is at variance with this opinion, it is, of course, modified.
We now proceed to address the merits of this controversy. We have reviewed the evidence in this case and have concluded, as we did in Mountain Brook, that "there was sufficient evidence to support" the conclusion and decision of the Tenure Commission and that that decision must be affirmed as not "unjust." Putting it differently, under our rule of review and taking the finding of fact from the record as contained in the Court of Civil Appeals' opinion, we cannot say, after a review thereof, that the preponderance of the evidence and the overwhelming weight of the evidence is contrary to the conclusion of the State Tenure Commission.
We conclude by affirming the Court of Civil Appeals' decision as modified herein.
AFFIRMED AS MODIFIED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH and ALMON, JJ., concur specially.
BLOODWORTH, Justice. (concurring specially.)
Without retreating from anything I wrote in my dissent in Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala.1977), I concur in the per curiam opinion of the Court. I stated my views in my dissent as did Mr. Justice Almon but the majority of the Court thought otherwise. Now, because of what I consider to be the need for unanimity of opinion on this Court as to the standards and scope of appellate review of State Tenure Commission cases, I join the opinion of the Court.
ALMON, J., concurs.