WRIGHT, Presiding Judge.
This is a teacher tenure case.
The teacher’s contract was canceled by the Tuscaloosa County Board of Education. The teacher appealed to the State Tenure Commission and the Tenure Commission reversed the Board. The Board filed a petition for mandamus in the Circuit Court of Tuscaloosa County seeking review of the Tenure Commission’s action. The circuit court reversed the Tenure Commission. The Tenure Commission appeals. We reverse the circuit court.
Section 16-24 — 38, Code of Alabama (1975) provides:
The action of the state tenure commission in reviewing ... cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive.
The most recent cases of our supreme court provide that the State Tenure Commission’s conclusions and judgment will not be reversed on appellate review as being unjust unless against the preponderance and the overwhelming weight of the evidence. Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala. 1976); Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala. 1977). The dispositive issue presented by this appeal is whether the evidence sustains the finding of the Commission.
The record reveals the following facts:
The teacher has been employed by the Board of Education for eleven years and has attained continuing service status. The events leading to the cancellation of the teacher’s contract occurred during the 1979-1980 school year. There had been no previous difficulty between the teacher and the school administration or the Board. The school’s principal and the Board’s supervisor classified the teacher’s performance as a classroom teacher as “adequate” or “satisfactory.” As grounds for her dismissal the Board charged that: “(1) the teacher demonstrated insubordination on three occasions by failing to carry out specific instructions given by her superiors, (2) the teacher demonstrated incompetency by habitually submitting important reports and records to the school office containing numerous errors, and (3) the teacher demonstrated neglect of duty by failing to follow school policy on arranging makeup work for students with excused absences.” The Board found that there was substantial evidence to support these charges and canceled the teacher’s contract on the statutory grounds of insubordination, incompetency, and neglect of duty.
The Tenure Commission, after hearing the arguments of the teacher and the Board, found that “the evidence adduced at the hearing was not sufficient to justify the *86 termination of the teacher based on the stated grounds.”
The purported incidents of insubordination were alleged to have occurred on November 21, 1979, January 7, 1980, and January 28, 1980. The Board contends that on November 21, 1979, the teacher was instructed to call a parent for the purpose of scheduling a parent-teacher conference and that the teacher failed to call as instructed. We find no evidence that the teacher was in fact instructed to call the parent. The Board contends that on January 7,1980, the teacher was instructed by the principal to turn in a class count and that she failed to do so on that day as had been instructed. There is evidence in support of this contention, but there is also evidence that the requested report was turned in by the teacher the next day, January 8. The Board finally contends that on January 28, 1980, the teacher was ordered to allow the secondary supervisor to inspect her grade book and that the teacher refused to allow the inspection. She stated to her supervisor and subsequently to her principal, that she kept two grade books, a “working” book for daily entries and a “neat” book for presentation to school officials and parents. There was testimony that the teacher had her “working” book at school and her “neat” book at home when inspection was requested. She denied inspection of her “working” book. The principal directed her to go home and get the “neat” book. She did not return with it that day. She stated that she was unable to gain access to her home in time to return to school with the book before the principal left the school. She was then suspended. She stated she subsequently produced the book, but no one saw it.
The Board contends the teacher demonstrated incompetency by habitually submitting erroneous reports and records. The record discloses that the teacher did submit erroneous reports and records and that these reports and records were of three basic types: a cumulative record book, the school attendance register, and various daily reports compiled from information obtained from the teacher’s homeroom students. There is evidence that the cumulative record book did contain errors committed by the teacher. However, there is also evidence that these errors were not discovered until after the teacher had been suspended pending the Board’s hearing on the cancellation of her contract. Therefore those errors were not reasons for her dismissal.
There was evidence that the teacher’s attendance register contained errors. However, it was shown that she was the only teacher instructed by the principal to maintain her own register and that the other teachers’ attendance registers were maintained for them by one individual.
There was testimony by the school secretary that the teacher’s daily homeroom reports were found erroneous on several occasions. However, such errors were not uncommon and not confined to this teacher. There was testimony that the teachers were required to collect several items of information from their students during the short homeroom period; that for the first time in the 1979-1980 school year the teachers were required to monitor the halls for a period of twenty minutes prior to the homeroom period and that this activity cut down on the time that had been used by the teachers in previous years for homeroom activities; that the teacher’s homeroom period had been interrupted on several occasions by parents seeking parent-teacher conferences; and that the late arrival of school buses delayed the performance of the teacher’s homeroom duties on several occasions.
With respect to the charge of neglect of duty, the Board contends that the teacher failed to adhere to school policy concerning makeup work for students with excused absences. The policy in question is that makeup tests should be announced at least one day in advance and that ample time' should be given to allow the students to complete the test. Our review of the record fails to reveal any evidence of an instance when the teacher failed to follow this policy where students with excused absences were involved. The only evidence with regard to *87 this charge concerns one instance when thirteen test papers were misplaced by the teacher’s student assistant. The teacher, in order to avoid delaying the computation of the first semester grades, required thirteen students whose papers had been misplaced to repeat the same test. The amount of advance notice given these students is not clear, but the teacher testified that the students were given ample time to complete the test.
The Commission could have given consideration to the admission by the principal that after the initial complaint against the teacher by parents in October of 1979, that he, and under his instruction, his secretary, began to compile a list of faults and errors of the teacher through the keeping of a written log of her mistakes.
From this review of the evidence, its conflicts and reasonable inferences, we cannot say that the Tenure Commission’s conclusion was against the preponderance and overwhelming weight of that evidence. Therefore the order of the circuit court setting aside the Tenure Commission’s judgment must be reversed.
The Board in brief contends that the Tenure Commission failed to follow the directive of the Alabama Supreme Court set out in Marshall County Board of Education v. Alabama State Tenure Commission, 291 Ala. 281, 280 So.2d 130 (1973). In that case the court admonished the Tenure Commission for failing to enter “some reasonable statement based on the evidence of reasons for the overturning of the action of the Board.” We do not find the failure of the-Commission to comply fully with Marshall County Board of Education sufficient to require a return of the case to the Commission. However, we admonish the Commission to adhere to Marshall County Board of Education so that this court will have the benefit of its view of and conclusions from the evidence.
The judgment of the circuit court is reversed and the judgment of the Tenure Commission is to be reinstated.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.