419 So.2d 242 (1982)
Gene C. BEITEL, Harold Bolton, and Gertrude R. Buskey
v.
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY.
Civ. 3232.
Court of Civil Appeals of Alabama.
August 25, 1982.
*243 Gregory B. Stein of Blacksher, Menefee & Stein, Mobile, for appellants.
Frank G. Taylor of Sintz, Pike, Campbell & Duke, Mobile, for appellee.
WRIGHT, Presiding Judge.
Gene C. Beitel, Harold Bolton and Gertrude R. Buskey are employed by the Board of School Commissioners of Mobile County as "instructional specialists." Each of them has attained continuing service status or tenure under the Alabama teacher tenure law. §§ 16-24-1 to -38, Code 1975. Each of the teachers worked under a ten-month contract for the 1980-1981 school year. The Board changed the term of the contract to nine months for the 1981-1982 school year. The teachers signed the new contracts under protest and subsequently requested that the Board either (1) provide the teachers with revised contracts for a ten-month term or (2) allow the teachers a hearing before the Board pursuant to § 16-24-8, -9, Code 1975. The Board took no action on the request and the teachers appealed to the State Tenure Commission under § 16-24-37 of the Code. The Tenure Commission reversed the Board on the grounds that the Board changed a material provision of the teachers' contracts without following the necessary procedure. See § 16-24-8, -9, -10, Code 1975.
The Board filed a petition for writ of mandamus pursuant to § 16-24-38 in the Circuit Court of Mobile County asking that the Tenure Commission be reversed. The Tenure Commission answered, and the teachers filed a motion for intervention under Rule 24, A.R.Civ.P. A proposed intervenors' answer and counterclaim was filed, the counterclaim requesting both declaratory and injunctive relief as well as back pay and attorneys' fees pursuant to 42 U.S.C. §§ 1983-1988. The Board's motion to strike or dismiss was granted. From that order, the teachers appeal.
Appellants contend that the trial court erred as a matter of law in refusing to allow their intervention. Appellee-Board contends that (1) the order is not appealable and (2) that the circuit court's decision was correct.
We are of the opinion that the order is final as to the intervention and thus appealable. See Pruett v. Ralston Purina Co., 273 Ala. 594, 143 So.2d 309 (1962).
We recognize the right of a party to bring an action under 42 U.S.C. § 1983 in *244 the Alabama Courts under authority of Terrell v. City of Bessemer, 406 So.2d 337 (Ala. 1981). However, we find no error in the denial of intervention to applicants in this case.
The proceeding pending in circuit court is not an original action but one of statutory review of administrative or quasi judicial findings and orders. It is not even a trial de novo. The jurisdiction of the circuit court in this matter is limited by § 16-24-38, Code 1975, to determining whether the proceedings before the Tenure Commission were according to the tenure act and whether the judgment of the Commission is unjust. State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823 (1968); DeCarlo v. Tarrant City Board of Education, 52 Ala.App. 220, 291 So.2d 155 (1974). This court has said that such review is only upon the record before the Commission and no additional testimony may be taken. Lamar County Board of Education v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (1970). As a matter of jurisdiction, the petition was properly denied.
In order to determine a right to intervene under Rule 24, it is necessary to consider the purpose and basis of the pending action together with the interest of the party or parties seeking to intervene. We have done so in this instance and find some interesting aspects and anomalies.
Rule 24, as it provides for intervention of right, is as follows:
"(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Aside from the aspect as to the form of the proceeding in which intervention is sought, there is present the question of whether the applicant's interests are adequately represented by existing parties.
The anomaly of the request for intervention is found in an examination of the how and by whom the "action" was begun. The applicants began this action by seeking a hearing before the Board of School Commissioners. They did so under the provisions and protection of the tenure law of the state. Upon failure of the Board to provide a hearing, applicants appealed to the Tenure Commissionagain as provided by law. They were heard through counsel and received a favorable ruling from the Board. During these proceedings, applicants were the moving partiesthe "action" was theirsthey won.
The scene now shifts. As permitted by law, the Board having lost, now seeks review of the judgment of the Commission. By its very nature mandamus, the authorized form of review, is directed not to the successful parties but to the judicial officers or body rendering the judgment complained of. Such procedure is well known in the law. The effect is not to dismiss the parties but to charge error to the ruling body. Thus the petition for mandamus was filed against the Tenure Commission.
If the teachers (applicants) had lost their action before the Commission they would have been able to seek the same method of review against the Commission in circuit court.
Thus, it is to be seen that those now seeking to intervene are already partiesand winners at that. They initiated and prosecuted the case to a favorable judgment. They are at liberty to assist the Commission in defending its judgment before the circuit court. It is a fact that counsel representing the Commission are also counsel for applicants in intervention and previously before the Commission. Applicants' interests are adequately represented.
The final anomaly of applicants' petition to intervene is that they charge violation of their constitutional rights of due process. They make such charge while prosecuting their rights under state statute and achieving success in doing so. They complain of state denial of due process while involved in the process of receiving it. The effect of *245 the petition is to refute and disclaim the state-given process and remedies which successfully brought them to this point.
Applicants' claim of denial of due process is based upon the refusal of the Board to grant them a hearing. In anticipation of such refusal, the state has specifically provided in § 16-24-37 the remedy being presently pursued by applicants in this case. How, then, has due process been denied?
We recognize that it is generally the rule that exhaustion of state remedies is not a prerequisite to suit under 42 U.S.C. § 1983. Ellis v. Dyson, 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 214 (1975). We perceive no reason why a § 1983 action could not have been brought before proceeding under the state tenure act. Such action could have been brought in either state or federal court as an original action. Such action was brought in the case of Smith v. Birmingham Board of Education, 403 So.2d 226 (Ala.1981). However, it is our opinion that such suit is contrary to the nature of the present proceeding, does not involve the same issues and seeks different relief. It approaches mootness because the basic relief sought (reversal of cancellation) had been achieved at the time of filing the petition to intervene.
For reasons stated, we affirm the denial of intervention and remand for hearing on the merits of the petition for mandamus.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.
HOLMES, Judge (concurring in the result).
I concur in the result only.
Clearly, the trial court's denial of appellants' motion for intervention was reviewable by this court. See Pruett v. Ralston Co., 273 Ala. 594, 143 So.2d 309 (1963). The denial or granting of a motion to intervene is within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. Walker County Department of Pensions and Security v. Mason, 373 So.2d 863 (Ala.Civ.App. 1979). I find no evidence in the record of such abuse as to require reversal and, therefore, would affirm.