BRADLEY, Judge.
This is a teacher tenure case.
In April 1985 a letter which was signed by fifteen teachers and a secretary from Wicksburg School was sent to the Houston County Board of Education (Board). The letter contained various allegations against Jackie King, the principal at Wicksburg. King was suspended with pay pending a hearing on this matter.
The Board held a hearing on the proposed cancellation of King’s contract in May 1985. After the hearing the Board cancelled King’s contract.
King appealed the cancellation of his contract to the State Tenure Commission (Commission) pursuant to section 16-24-10, Code 1975. The Commission heard the case in August 1985, and made the following finding: “The decision to cancel the contract of Mr. King was arbitrarily unjust in that he was removed in the face of a previous good record as an employee of the Board, and he was terminated two months before eligibility for retirement.” The Commission reversed the Board’s cancellation order.
The Board filed a petition for writ of mandamus with the Houston County Circuit Court pursuant to section 16-24-38, Code 1975. The employees of Wicksburg School who had signed the letter of complaint filed a motion for leave of court to appear as amici curiae. After a hearing the motion was granted.
Upon a motion filed by the Board, the Commission was required to produce all correspondence received in connection with the King appeal. This included a letter dated August 12, 1985 which King sent to the Commission. This letter states in pertinent part:
“Now when I lack only two months having in time to retire, my Superintendent and Board released me. (Following my *694 dismissal, I went to each Board member and begged that I might be allowed to put in the two months that I needed for retirement at the bus shop or anywhere else. This was denied.)”
In March 1986 the circuit court found that the Commission’s decision was “based on matters outside the official record” and was “against the preponderance ... and overwhelming weight of the evidence so as to be unjust.” The Commission’s action was reversed.
The Commission filed a motion to set aside the judgment. The motion was denied. The Commission appealed.
In its first issue the Commission contends that the circuit court erred when it reversed the decision of the Commission.
The circuit court’s review of the Commission’s action is limited to whether the procedural requirements of the tenure statute were followed and whether the Commission’s action was unjust. Wright v. Marsh, 378 So.2d 739 (Ala.Civ.App.1979). No contention is made that the procedural requirements of the tenure statute were not observed, hence we will confine our review to whether the Commission’s action was validly deemed unjust.
In reviewing the record made before the Board of Education, the only evidence we found that could possibly relate to the Commission’s finding that King had been terminated two months prior to the time that he would have been eligible for retirement was testimony that King was “near retirement.” This evidence would not support a finding that King had been terminated “two months” before he was eligible for retirement.
In the record made before the circuit court, there appears a letter written by King to the Commission in which he stated that he was within two months of retirement when his contract was cancelled.
Review by the Commission and the circuit court is based on the record made before the Board of Education. Lamar County Board of Education v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (Ala.Civ.App.1970).
In the absence of evidence in the record made before the Board of Education that King was terminated “two months” before eligibility for retirement, the Commission’s finding to that effect is without factual basis.
The next contention is that the Commission’s finding that King “was removed in the face of a previous good record as an employee” is not supported by the preponderance and overwhelming weight of the evidence and is, therefore, unjust. There was evidence of many incidents of misconduct by King which spanned several years and which were testified to by fifteen of the thirty-nine teachers at Wicksburg. These teachers testified that King had abused the evaluation process and that he had improperly used county funds to pay substitute teachers when their pay should have come from Wicksburg School funds. Additionally, there was testimony that King harassed many of the teachers, sometimes within hearing distance of the students. There was also evidence of King’s improper advances toward several of the teachers.
After a careful review of the record, we conclude that the circuit court’s finding that the Commission’s order that King had been terminated in the face of a previous good record was unjust because it was against the preponderance and overwhelming weight of the evidence is not erroneous. See, Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala.1977). Moreover, there is an absence of evidence to support the Commission’s finding that King was within “two months” of retirement; consequently, the circuit court’s finding to that effect is properly supported by the record.
In its second issue the Commission contends that the circuit court committed error when it allowed intervention in this case by the Wicksburg employees who signed the letter of complaint.
*695 The Commission cites Beitel v. Board of School Commissioners, 419 So.2d 242 (Ala.Civ.App.1982), and Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 518 (Ala.Civ.App.), rev’d on other grounds, 343 So.2d 522 (Ala.1976), as support for its position that intervention should not be allowed in this case. We note that in these cases the teacher attempted to intervene in the mandamus proceedings pursuant to Rule 24 of the Alabama Rules of Civil Procedure and this was not allowed.
However, these cases differ from the present case. In the case sub judice the teachers filed a motion for leave of court to appear as amici curiae. Under Rule 29 of the Alabama Rules of Appellate Procedure, the brief of an amicus curiae can be filed by leave of court. See, Alabama State Tenure Commission v. Board of School Commissioners, 332 So.2d 724 (Ala.Civ.App.1976). The trial court, in effect, granted such request, and we find no error in such action.
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs specially.