ROBERTSON, Judge
(dissenting).
I respectfully dissent.
The circuit court limited its review of the Tenure Commission to the single issue of whether the decision of the commission was unjust.
In Alabama State Tenure Commission v. Birmingham Board of Education, 500 So.2d 1155 (Ala.Civ.App.1986), this court adopted the language of the trial court’s order stating:
“ ‘In Sumter Co. Bd. of Educ. v. Alabama State Tenure Comm’n [352 So.2d 1137 (Ala.1977)], the Supreme Court of Alabama referred with approval to its earlier decision in State Tenure Comm’n v. Madison Co. Bd. of Educ. [282 Ala. 658, 213 So.2d 823 (1968)].
[[Image here]]
“ ‘ “Therefore, we hold that the State Tenure Commission’s conclusions and judgment will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and the overwhelming weight of the evidence.’
“ ‘The supreme court then reviewed the evidence in Sumter Co. Bd. of Educ. and concluded that there was sufficient evidence to support the conclusion and decision of the Tenure Commission. It affirmed the decision of the Tenure Commission as not “unjust.” The supreme court stated further:
“ ‘ “ ... Putting it differently, under our rule of review and taking the finding of fact from the record as contained in the court of civil appeals’ opinion, we cannot say, after a review thereof, that the preponderance of the evidence and the overwhelming weight of the evidence is contrary to the conclusion of the State Tenure Commission.”
“ ‘Applying the above statements to the present case now before this Court, the question then presented is whether the action of the Tenure Commission is against the preponderance of the evidence and the overwhelming weight of the evidence. Put another way, the question is whether there was sufficient evidence to support the conclusion and decision of the Tenure Commission.’ ”
Alabama State Tenure Commission, supra, at 1157, quoting Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala.1977).
Our standard of review being the same as that of the circuit court, I feel that the circuit court erred in finding that “the decision of the commission is not only against the preponderance of the evidence, it is against all of the evidence.” (Emphasis added.) The record contains the following testimony.
Questions by Mr. Dawson to Che Hill.
“Q. How tall are you?
“A. 5'3" or 5'2".
“Q. 5'3" or 5'2"?
“A. Yes, sir.
“Q. And you weigh how much.
“A. About a hundred and sixty pounds.
*1071 “Q. Did you tell us before when I asked you that you were 5'1" and weighed one hundred and eighty?
“A. I might have did.
“Q. But you were how far from her face when this happened?
“A. A few inches. Her arm lift about this far.
“Q. And you did make some motion with your lips?
“A. Yes.
“Q. And you could say it was a kissing motion?
“A. But I didn’t intend for it to be”.
Questions by Dr. Corley, Board Member, to Ms. Washington, Principal.
“Q. With respect to your interview with Ms. Talley, that interview took place immediately after the incident?
“A. Yes.
“Q. Was Ms. Tally angry?
“A. She was upset. I think more upset.
“Q. Upset because it had occurred or upset with Che or did she indicate?
“A. Well, she was upset and excited, I hadn’t seen her like that before.”
I believe that the teacher’s action was not one of administering corporal punishment but was, as argued by the appellant, a reflex action by a female teacher to a male student who was rather mature in stature.
In my opinion the Tenure Commission correctly concluded that this was not an act of corporal punishment and thus was not an act of insubordination for which the Board could terminate the teacher’s employment contract. I must, therefore, respectfully dissent from the majority’s opinion.