YATES, Judge.
Following notice and a hearing held pursuant to Ala.Code 1975, § 16-24-9, the Elmore County Board of Education (Board) canceled the employment contract of Fred Dickerson, principal of Wetumpka Junior High School. Dickerson appealed the cancellation to the Alabama State Tenure Commission (Commission). The Commission reversed the action of the Board, holding, “[T]he cancellation was not in accordance with the tenure law and was arbitrarily unjust.” The Board then petitioned the Circuit Court of Elmore County for review. The circuit court reversed the ruling of the Commission, reinstating the *1121 Board’s cancellation of Dickerson’s contract. The Commission appeals.
The dispositive issue on appeal is whether the circuit court erred in reversing the ruling of the Commission. Dickerson contends that the circuit court erroneously substituted its interpretation of his testimony for that of the Commission.
Dickerson was dismissed for “ineompeten-cy, insubordination, neglect of duty, immorality, or other good and just causes.” Specifically, he was charged with misrepresenting to the Parent Teachers Organization (PTO) the cost of a basketball backboard; accepting payment from the PTO for one-half of that cost, when, in fact, the school had not been charged for the backboard; and presenting to the PTO an invoice indicating that he had purchased the backboard. The Board heard evidence concerning these charges and voted to cancel Dickerson’s employment contract.
The maintenance supervisor who had replaced the backboard testified that he had told Dickerson that there would be no charge for the new backboard. He further testified that Dickerson then told him, “I want you to be quiet about this, keep your mouth shut, because Pm going to get some money out of the [PTO] for this backboard.” Dickerson denied making that statement.
A PTO board member testified that she had asked Dickerson for an invoice for the new backboard. In response to her request, Dickerson presented her with an invoice, not from the maintenance supervisor who had replaced the backboard, but from Screen Art Concepts. The invoice had been signed by Dickerson. He testified that he understood that the PTO board member had requested the invoice as verification for the expenditure regarding the backboard that had been installed. Further, Dickerson testified, “There was no invoice whatsoever,” and he said that he had telephoned Screen Art Concepts for a price quote, never intending to purchase a backboard from that company.
The coordinator of special education testified that Dickerson “indicated that he knew it was wrong and that it had all happened [as indicated by] the recommendation read to the Board.”
The superintendent’s notification of the proposed cancellation of Dickerson’s contract stated that the Board should consider the charges relating to the backboard in light of Dickerson’s career. Additional evidence of prior incidents during Dickerson’s career was presented and considered by the Board. A complete recitation of the facts surrounding those incidents is unnecessary.
Ala.Code 1975, § 16-24-8, states:
“Cancellation of an employment contract with a teacher on continuing service status may be made for ineompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons.”
In a teacher tenure case, the Commission is the final arbiter of the facts, and, therefore, has authority to retry the facts from the record and reach its own conclusion. Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1138 (Ala.Civ.App.1977), affirmed as modified, 352 So.2d 1137 (Ala.1977). The Commission’s decision is subject to review by the circuit court only by mandamus. May v. Alabama State Tenure Commission, 477 So.2d 438 (Ala.Civ.App.1985).
Our standard of review in teacher tenure eases is “(1) whether the Tenure Commission’s action was made in compliance with the procedural requirements of the Teacher Tenure law; and (2) whether the Tenure Commission’s action was unjust.” Alabama State Tenure Commission v. Birmingham Board of Education, 500 So.2d 1155,1157 (Ala.Civ.App.1986). The Commission’s ruling will not be reversed as unjust unless it is against the overwhelming weight of the evidence. Sumter County, 352 So.2d 1133.
In its order dated April 7, 1993, the trial court found:
“Dickerson testified that shortly after the backboard was broken, Formby [the PTO board member] told him ‘we will help pay the cost of it.’ By the time Dickerson called Trish Formby, the backboard had *1122 already been installed. Dickerson recounted his conversation with Trish Form-by as follows:
“ ‘Q. Tell me what you told Trish Formby in that telephone conversation again.
“ ‘A. I told Trish Formby that the price of the backboard was not eighteen hundred. That was for two; that it was nine hundred and their part was four hundred and fifty dollars.
“ ‘Q. Did you tell her that the school had not, in fact, paid that much money for it?
“‘A. No.
“ ‘Q. Okay. Now, at that time, did you know whether the school was going to be billed for it?
“ ‘A. I had no idea.
" ‘Q. Had no idea. So you were asking the [PTO] to pay the school for half the cost of the backboard; is that correct?
“‘A. Exactly right.
“ ‘Q. Without knowing whether your school would be billed for it?
“ ‘A. That’s exactly right.
“ ‘Q. Now, your school had not paid out of its general fund for those backboards that Mr. Holland had, had it?
“‘A. No.’
“Thus, Dickerson’s testimony establishes that he represented to Ms. Formby that the goal had cost — or that he had incurred an obligation to pay on behalf of the school — $900.
[[Image here]]
“Thus, Dickerson’s own testimony establishes the truth of charge two [misrepresenting that the goal had cost $900],
“... Again, the court is convinced that Dickerson admitted this charge [accepting a check for $450 from the PTO], and that the Commission’s contrary finding is against the overwhelming weight of the evidence.
[[Image here]]
“The overwhelming weight of the evidence establishes that the invoice indicated that Dickerson had purchased the backboard. [This finding relates to the testimony by the PTO board member concerning the invoice from Screen Art Concepts.]
[[Image here]]
“In summary, the overwhelming weight of the evidence establishes that Dickerson was guilty of the charges. The State Tenure Commission was not at liberty to disregard Dickerson’s own admissions.”
After carefully reviewing the record, we conclude that the Commission’s ruling was against the overwhelming weight of the evidence. The trial court’s judgment reinstating the Board’s cancellation of Dickerson’s contract is supported by a lengthy and well-reasoned order; that judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.