The Elmore County Board of Education ("Board") terminated the employment contract of Frederick Dickerson, a tenured principal of Wetumpka Junior High School. Dickerson appealed to the Alabama State Tenure Commission ("Commission"), which reversed the Board's action and ordered that he be reinstated, holding that "the cancellation was not in accordance with the tenure law and was arbitrarily unjust." The Board petitioned the Circuit Court of Elmore County for a writ of mandamus compelling the Commission to vacate its order. The circuit court issued the writ, holding that "the overwhelming weight of the evidence establishes that Dickerson was guilty of the charges [against him and that the] State Tenure Commission was not at liberty to disregard Dickerson's own admissions." The Commission appealed to the Alabama Court of Civil Appeals, which affirmed the judgment of the circuit court. SeeAlabama State Tenure Comm'n v. Elmore County Bd. of Educ.,657 So.2d 1120 (Ala.Civ.App. 1994). The Commission then petitioned this Court for a writ of certiorari, which was granted. We reverse and remand.
The legislature created the Commission as an administrative agency with several functions, one being to review the action of boards of education cancelling the contracts of tenured teachers. See Ala. Code 1975, § 16-24-10. See also, Ex parteAlabama State Tenure Comm'n, 555 So.2d 1071 (Ala. 1981). The Commission has the power to retry the case on the record and to reach its own conclusions of fact. Sumter County Bd. of Educ.v. Alabama State Tenure Comm'n, 352 So.2d 1133, 1135
(Ala.Civ.App.), affirmed as modified, 352 So.2d 1137
(Ala. 1977). Pursuant to § 16-24-10, the action of the Commission is final and conclusive unless *Page 1124 
it fails to comply with the provisions of the chapter or is unjust. The scope of judicial review of a decision of the Commission is extremely limited — once the Commission makes a finding from the record, courts reviewing the Commission's decision must presume that the Commission's decision is correct, and that decision should not be reversed unless the overwhelming weight of the evidence indicates otherwise. Exparte Alabama State Tenure Comm'n, supra.
The dispositive issue in this case is whether the Commission's decision was against the overwhelming weight of the evidence. We hold that it was not.
The statutory grounds for terminating Dickerson were "incompetency, insubordination, neglect of duty, immorality, or other good and just causes." See Ala. Code 1975, § 16-24-8.
The record reveals the following:
Dickerson, a certified teacher for over 21 years and an employee of the Elmore County Board of Education for 18 years, had been the principal of Wetumpka Junior High School for 7 years at the time of his termination.
The incident leading to the charges against Dickerson originated at a parent-teacher organization ("PTO") fund-raising activity, after a youth had broken a basketball backboard in the school's gym. The PTO offered to help with the cost of the backboard. The Board charged that Dickerson committed fraud by telling the PTO the cost of the backboard and submitting to it a document referred to by the parties as an invoice; that document was from a company that supplies backboards. The Board charged that he had indicated to the PTO that he had purchased a backboard while knowing that no backboard had been purchased, and that he did so with an intent to induce the PTO to contribute funds to Wetumpka Junior High School. The PTO paid $450 to Wetumpka Junior High School.
The Commission concluded that the Board's action was "arbitrarily unjust." See § 16-24-10. Without a detailed recitation of the facts of this case, suffice it to say that the Commission apparently reached its conclusion after finding that the grounds asserted by the Board were not supported by the evidence. Rather, the Commission apparently believed that when Dickerson made certain statements to the PTO concerning the cost of a replacement backboard, and when he accepted the $450 check from the PTO for the backboard, he did not know that the school would not be charged for a replacement backboard; and that when he submitted the document to the PTO he merely intended it to constitute an estimate of the cost of a replacement backboard, not to indicate that he had purchased a backboard. The Commission apparently believed that Dickerson did not act with an intent to defraud the PTO and that his termination was unreasonable under the circumstances.
We have carefully reviewed the evidence in this case. Although we might question Dickerson's handling of the situation, we cannot hold that the Commission's conclusion was contrary to the overwhelming weight of the evidence.
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, KENNEDY and COOK, JJ., concur.