This case involves the decision of the Greene County Board of Education (Board) to cancel the employment contract of Joe F. Morrow, a teacher at Eutaw High School. Morrow appealed the Board's decision to the Alabama State Tenure Commission (Commission), which affirmed the action of the Board.
Morrow filed a petition for a writ of mandamus with the Circuit Court of Greene County. In his petition Morrow requested that the circuit court issue the writ of mandamus, requiring the Commission to set aside its decision affirming the Board's action.
The circuit court issued the writ of mandamus, set aside the action of the Commission, and reinstated Morrow. The circuit court's judgment provided in pertinent part: "This court is of the opinion that the action of the [Commission] and the [Board] is 'unjust' and is against the preponderance of the evidence and the overwhelming weight of the evidence."
The Commission filed a post-judgment motion, which was denied.
The Commission appeals.
As our supreme court recently stated in Ex parte AlabamaState Tenure Commission, 657 So.2d 1122, 1123-24 (Ala. 1994):
 "Pursuant to [Ala. Code 1975,] § 16-24-10, the action of the Commission is final and conclusive unless it fails to comply with the provisions of the chapter or is unjust. The scope of judicial review of a decision of the Commission is extremely limited — once the Commission makes a finding from the record, courts reviewing the Commission's decision must presume that the Commission's decision is correct, and that decision should not be reversed unless the overwhelming weight of the evidence indicates otherwise."
The dispositive issue is whether the decision of the Commission to affirm the Board's action was against the overwhelming weight of the evidence. *Page 285 
Our review of the record reveals the following pertinent facts: Morrow taught in the Greene County school system for 26 years. On January 28, 1993, there was an incident which involved several of the female students at Eutaw High School. It is alleged that Morrow slapped one of the female students involved in the incident and that Morrow's actions were a violation of the policies and procedures on student discipline.
Charles L. Miles, the superintendent of the Greene County school system, investigated the incident. After Miles interviewed Morrow and the three female students involved in the incident, he suspended Morrow, pending a hearing on the matter. Subsequently, Miles made a recommendation to the Board that it cancel Morrow's employment contract.
Miles notified Morrow of the proposed termination of his employment contract on the statutory grounds of neglect of duty, insubordination, and other good and just cause. Miles also notified Morrow of his right to appear before the Board for a hearing on the matter. A hearing was held, and Miles, Morrow, and the student who was slapped testified at the hearing.
Miles testified regarding his investigation of the incident. He stated that it was his opinion that Morrow incorrectly handled the situation when he slapped the student in the face.
The student testified that immediately after she told one of the students involved in the incident to hit the other student, Morrow forcefully slapped her in the face. She also testified that Morrow did not say anything to her prior to slapping her and that she did not direct any action toward Morrow.
Morrow testified that he was attempting to break up an altercation between some students while classes were changing. He stated that the student was attempting to push her way through and that he shoved her. He also stated that if he struck her in the face, it was unintentional.
After carefully reviewing the evidence in this case, we cannot find that the Commission's conclusion was contrary to the overwhelming weight of the evidence. Stated another way, the Commission's action complied with the procedural requirements of the statute, and the Commission's action was not unjust. Ex parte Alabama State Tenure Commission,657 So.2d 1122.
Consequently, the judgment of the circuit court is due to be reversed and the cause remanded to the circuit court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.