L. CHARLES WRIGHT, Retired Appellate Judge.
The Jackson County Board of Education voted to transfer William Rutledge from his position at Pisgah High School to North Jackson High School. In its notice to Rutledge, the Board stated that its sole reason for the proposed transfer was “a loss of student enrollment requiring SLD Special Education services” at Pisgah High School. Rutledge challenged the Board’s proposed transfer. Following a hearing, the Board approved the transfer. Rutledge appealed to the Alabama State Tenure Commission. The Commission reversed the Board’s decision, stating that the transfer was “in violation of the Board’s own policy.” The Board petitioned the Circuit Court of Jackson County for a writ of mandamus compelling the Commission to vacate its order. The circuit court issued the writ, finding that the Commission’s decision was against the “overwhelming weight of the evidence.” The Commission appeals.
In Ex parte Alabama State Tenure Comm’n, 657 So.2d 1122 (Ala.1994), our supreme court stated the following:
“Pursuant to [Ala.Code 1975,] § 16-24-10, the action of the Commission is final and conclusive unless it fails to comply with the provisions of the chapter or is unjust. The scope of judicial review of a decision of the Commission is extremely limited — once the .Commission makes a finding from the record, courts reviewing the Commission’s decision must presume that the Commission’s decision is correct, and that decision should not be reversed unless the overwhelming weight of the evidence indicates otherwise.”
The dispositive issue is whether the Commission’s decision was against the overwhelming weight of the evidence.
The Commission found that the Board’s decision to transfer Rutledge was contrary to the Board’s own policy. The policy at issue is as follows:
“Teachers may be transferred from the school or subject assignment, as provided in Title 16 of the Alabama School Code. In the event a court order or reduction in teacher units due to decreasing enrollments requires teacher transfers, after voluntary transfers have been depleted, the remaining transfers shall be made on the basis of system wide seniority, all other qualifications being equal.”
(Emphasis added.)
The record reflects that Rutledge has taught special education classes in the Alabama school system for 12 years. For 11 of *777 those 12 years, he has been a teacher at Pisgah High School. Rutledge is certified to teach special education students in grades K-12. All of Rutledge’s supervisors who testified characterized him as a good teacher. His principal testified that Rutledge was a “real advocate” for his special education students.
At the time of Rutledge’s proposed transfer, Pisgah High School had two special education teachers. The other teacher was Terry Kennamer. It was undisputed that Rutledge had more seniority than Kennamer.
The Board’s special education coordinator and Rutledge’s principal both testified that they based their decision to transfer Rutledge instead of Kennamer primarily on the fact that Kennamer was also employed as a junior high football coach, an additional job for which Kennamer receives additional pay. The Board’s special education coordinator also stated that Rutledge had more experience in teaching high school students with special needs. The need at North Jackson High School was for a teacher to teach high school students with special needs. Both Rutledge and Kennamer were certified to teach special education students in grades K-12.
Rutledge’s transfer was involuntary. Therefore, the Board’s policy that transfers “shall be made on the basis of system wide seniority, all other qualifications being equal” applies to Rutledge’s transfer. As a result, the Board’s own policy required it to transfer a teacher with less-seniority than Rutledge, if one was available. One was available — Ken-namer.
In reversing the Board’s decision to transfer Rutledge, the Commission apparently determined that a coaching position cannot be considered in determining “qualifications” as provided in the Board’s policy at issue. The Commission’s determination is buttressed by Bryan v. Alabama State Tenure Comm’n, 472 So.2d 1052 (Ala.Civ.App.1985), wherein this court determined that a “position as a coach is not entitled to the protection of the Tenure Act.”
After carefully reviewing the evidence in this case, we cannot find that the Commission’s conclusion was contrary to the overwhelming weight of the evidence. Consequently, the judgment of the circuit court is due to be reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.