The supreme court has stated our standard of review as follows:
 "The legislature created the Commission as an administrative agency with *Page 132 
several functions, one being to review the action of boards of education canceling the contracts of tenured teachers. See Ala. Code 1975, § 16-24-10. See also, Ex parte Alabama State Tenure Comm'n, 555 So.2d 1071 (Ala. 1989). The Commission has the power to retry the case on the record and to reach its own conclusions of fact. Sumter County Bd. of Educ. v. Alabama State Tenure Comm'n, 352 So.2d 1133, 1135
(Ala.Civ.App.), affirmed as modified, 352 So.2d 1137
(Ala. 1977). Pursuant to § 16-24-10, the action of the Commission is final and conclusive unless it fails to comply with the provisions of the chapter or is unjust. The scope of judicial review of a decision of the Commission is extremely limited — once the Commission makes a finding from the record, courts reviewing the Commission's decision must presume that the Commission's decision is correct, and that decision should not be reversed unless the overwhelming weight of the evidence indicates otherwise. Ex parte Alabama State Tenure Comm'n, supra."
Ex parte Alabama State Tenure Comm'n, 657 So.2d 1122, 1123-24
(Ala. 1994).
I conclude that the circuit court has substituted its judgment for that of the Commission, by reversing the Commission's order upholding the Board's action eliminating Page's position. The Commission heard the evidence regarding the Board's alleged prejudgment of Page's case, and the Board's allegedly impermissible reason for eliminating Page's position in order to destroy her chances of becoming a tenured supervisor.
Page's argument that the Board prejudged her case is somewhat disingenuous. The Board had to decide to eliminate the position held by Page before she was allowed to contest that decision. Therefore, the Board had in that sense prejudged Page's contention that her position should not be eliminated. But, I conclude that is not the improper prejudgment prohibited by the Teacher Tenure Act. This case does not involve misconduct by Page, but involves the Board's decision to decrease the number of supervisory employees. See Ala. Code 1975, § 16-24-8.
The Commission apparently found insufficient evidence for it to hold that the Board had acted improperly on either of these grounds. I would reverse the circuit court's judgment reversing the Commission's order.