This is a teacher tenure case.
The Board of Education of Winston County notified the teacher that the teacher's employment contract was not being renewed. Several reasons were stated as to why the Board was not renewing the contract. One of the reasons stated was the teacher failed to meet certification requirements as Driver Education teacher.
The teacher contested the cancellation and a hearing was held before the Board. The Board thereafter cancelled the teacher's contract. The teacher appealed the cancellation to the Tenure Commission. The Tenure Commission affirmed the Board of Education's action and entered in pertinent part the following decision:
 Upon consideration of the record, as well as briefs and oral argument of counsel for the teacher and the Board, the Tenure Commission finds that the teacher's failure to meet certification requirements for the 1977-78 school year furnished good and just cause for the cancellation of his contract. Hence, the action of the Winston County Board of Education is hereby sustained.
The teacher then petitioned, by writ of mandamus, the Circuit Court of Winston County. The circuit court denied the petition and appeal was taken to this court.
The dispositive issue on appeal is whether the Board's action in cancelling a teacher's contract for failure to meet certification requirements for a driver education teacher is "good and just cause" within the meaning of § 16-24-8, Code of Ala. 1975. We find that it is and affirm.
In Ellenburg v. Hartselle City Bd. of Ed., Ala.Civ.App.,349 So.2d 605, 609-10 (1977), Judge Bradley, speaking for this court, stated the following:
 "[G]ood cause" in a statute of this kind [Tenure Act] is by no means limited to some form of inefficiency or misconduct on the part of the teacher dismissed, but includes any ground put forward by a *Page 1314 
school committee in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the committee's task of building up and maintaining an efficient school system. Limited only by the statutory provision that they must be good and just causes, the jurisdiction and discretion to determine what these causes may be rests in the hands of the school authorities.
Viewing the record with the attendant presumption, we find that in order to teach driver education in Alabama, teachers are required by the State Department of Education to earn three credits per year in an approved program until eighteen hours are accumulated. The teacher, in this instance, had obtained some credits but did not obtain credits for the year 1977-78. He was notified of this deficiency.
Additionally, there was evidence that the public high schools of Alabama must offer an approved driver education course. Further, students in the public schools are required to complete an approved course in driver education prior to graduating. There was also evidence that because the teacher failed to earn the required credits, Winston County's driver education program was not approved. The reason for the disapproval was "this instructor (teacher) does not have the necessary courses to be approved."
Under the standard as stated in Ellenburg, supra, the Board had "good cause" to terminate the employment contract of the teacher.
In addition to the above, the teacher, through able counsel, contends that the teacher was denied "procedural due process and a fundamentally fair hearing."
We do not deem it necessary nor pertinent to specifically write to these contentions. Suffice it to say we have carefully reviewed the record. The record reveals that proper notice of the reason for cancellation was given the teacher. SeeEllenburg, supra. Additionally, all other procedural requirements of Alabama Teacher Tenure law were adhered to.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.