[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 20 
This is a teacher tenure case.
The contract of the teacher-principal, who had continuing service status (tenure), was terminated by the county board of education. The teacher appealed to the Alabama State Tenure Commission. The tenure commission upheld the board of education's action. The teacher sought relief from the tenure commission's action in the circuit court. The circuit court upheld the tenure commission's decision. The circuit court specifically found the action taken by the tenure commission to be in accordance with the requirements of the Alabama Teacher Tenure law and that the action was not unjust.
The teacher now appeals to this court and we affirm.
The teacher contends (1) the evidence does not support termination of the teacher's contract, (2) the termination was for personal and political reasons in contravention of §16-24-8, Code of Ala. 1975, and (3) the teacher was denied constitutional due process of law in that the board of education in its final determination failed to state with sufficient specificity the reasons for termination.
At the outset, we note that "the State Tenure Commission's conclusions and judgment will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and the overwhelming weight of the evidence."Sumter County Board of Education v. Alabama State TenureComm'n, Ala., 352 So.2d 1137, 1139 (1977).
 I
The termination as revealed by the minutes of the board of education and letter of notification to the teacher was on grounds of incompetency, neglect of duty, and other good and just cause. We do not deem it necessary or prudent to set out in detail those acts that support the action of the board of education and the tenure commission. Suffice it to say there is evidence that the teacher-principal failed to administer the Individual Education Program as required by law; that he failed to establish and maintain a consistent lunch period schedule; that he failed to provide his faculty administrative leadership; and that he failed to cooperate with his faculty and the board of education in the solution of individual and administrative problems.
Section 16-24-8, Code of Ala. 1975, provides:
 Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, . . . neglect of duty, . . . or other good and just cause. . . .
Incompetency is a term which may be used to mean disqualification, inability, or incapacity. County Board ofEducation v. Oliver, 270 Ala. 107, 116 So.2d 556 (1959). Here, incompetency is evidenced by the teacher's failure to provide administrative leadership and his failure to establish a stable lunch period schedule. Failure to cooperate, i.e., the teacher's failure to cooperate in the solution of school problems, is a legal cause within the provision, "other good and just cause." State Tenure Comm'n v. Madison County Board ofEducation, 282 Ala. 658, 213 So.2d 823 (1968). *Page 21 
Neglect of duty by its own terms describes a failure to do what one is required by law or contract to do. Here, the teacher's failure to administer the Individual Education Program is such neglect of duty. We find the termination of the teacher's contract on the above mentioned statutory grounds to be fully supported by the evidence.
 II
The Teacher Tenure Act does not allow termination for political or personal reasons. Section 16-24-8, Code of Ala. 1975, provides:
 Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teacher positions or other good and just cause, but cancellation may not be made for political or personal reasons. (Emphasis supplied.)
The teacher cites rivalry between himself and the county superintendent of schools for the latter's office as the reason for his termination. The only testimony asserting that this rivalry was the reason for termination was the teacher's. Further, there is no evidence suggesting board of education involvement in this rivalry or that this rivalry motivated the board in terminating the teacher's contract.
We note under the Teacher Tenure Act only the board of education has authority to terminate a teacher's contract. The superintendent may recommend termination, but he cannot terminate a tenured teacher. Brown v. State Tenure Comm'n, Ala.Civ.App., 349 So.2d 56 (1977); § 16-24-9, Code of Ala. 1975. The board of education must be politically or personally biased against the teacher. Marshall County Board of Educationv. State Tenure Comm'n, 291 Ala. 281, 280 So.2d 130 (1973).
Summarizing, in light of the above and in light of what we said regarding the board of education's findings of incompetence, neglect of duty, and other good and just cause for termination, the tenure commission and the circuit court did not err in finding an absence of political or personal motive in the board's action.
 III
The teacher contends he was denied due process of law by the board of education's failure to state with sufficient specificity the reasons for his termination. In other words, the teacher contends due process requires the board to make specific findings of fact.
At the outset, we note § 16-24-9, Code of Ala. 1975, outlines the procedure the board of education must follow in terminating teacher contracts. Neither this code section nor any other in the Teacher Tenure Act requires the board to make specific findings of fact.
This court is cognizant of § 16-24-10 (b), Code of Ala. 1975, which requires the board of education to assemble, for the purposes of the teacher's appeal to the State Tenure Commission, the record of its proceedings including the board'sfinding and decision.
We also note § 16-24-9, Code of Ala. 1975, requires the board of education to notify the teacher that it is considering the termination of his contract. In this instance, the teacher was so notified by letter. The letter, which is part of the record, set forth the statutory grounds for termination and listed at length the reasons for the board's proposed action. In fact, twenty-six specific incidents were listed in the board's letter to the teacher.
The record also contains the minutes of the meeting of the board of education where the board voted to terminate the teacher. These minutes reveal that the teacher was terminated for the reasons set forth in the aforementioned letter.
Additionally, the board wrote the teacher and informed him that the charges against him had been substantiated and that his contract was terminated.
We further note that there is nothing in the record to indicate the teacher was not fully apprised of the reasons for his termination. The argument in brief regarding *Page 22 
the board of education's lack of specific findings was apparently made for the first time in the teacher's motion for a "new trial" in the circuit court.
In view of all of the above, we find that the findings of the board of education are contained in the record. The above mentioned provision of § 16-24-10 (b) has been satisfied. However, we note that it would be better practice for the board of education to make specific findings setting forth the grounds it relied upon in terminating the teacher's contract.
The teacher through counsel cites Goldberg v. Kelly,397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), for the proposition that due process of law requires the board of education to make specific findings of fact. In Goldberg, the United States Supreme Court said essentially that due process requires the decision maker's conclusion to rest "solely on the legal rules and evidence adduced at the hearing." The court then went on to say:
 To demonstrate compliance with this elementary requirement, the decision maker should state the reasons for his determination and indicate the evidence he relied on, . . . though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law. . . .
397 U.S. at 271, 90 S.Ct. at 1022. We find nothing in Goldberg
that requires the board of education to make specific findings of fact. In fact, Goldberg indicates that "formal findings of fact" are not required. In view of the facts of the instant appeal, the findings by the board are sufficient.
The case is due to be affirmed and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.