BRADLEY, Judge.
This is a teacher tenure case.
Joan K. Gee was employed by the Tuscaloosa City Board of Education as a tenured teacher. On May 26, 1981 she was notified that the Board intended to cancel her contract.
The letter notifying Gee of the proposed cancellation of her contract set forth ten specific grounds for such cancellation. All of these grounds related to Gee’s failure to adequately plan, organize, and teach her class, and her failure to maintain proper discipline. Hearings were held before the Board on June 22, June 24, and July 6,1981.
After these hearings, the Board voted in closed session to terminate Gee’s contract. On July 7, 1981 she was notified in writing that her contract had been cancelled. This *228 letter, however, did not state the specific grounds upon which the Board had based its decision.
Gee immediately appealed to the Alabama State Tenure Commission. The Commission affirmed the action of the Board. Gee then filed a petition for writ of mandamus in the Circuit Court of Tuscaloosa County. On December 22, 1981 the circuit court denied Gee’s petition. As a result Gee filed a timely appeal to this court on January 29, 1982.
The only issue raised in this appeal is whether the Commission correctly found that the Board had followed the procedure outlined in § 16-24-10(b), Code 1975, in cancelling Gee’s contract. Gee says that § 16-24-10(b) was not complied with because there were no findings of fact made by the Board. We disagree with her contention and affirm the trial court’s judgment.
Section 16-24-10(b), Code 1975, provides in part as follows:
Upon notice of appeal, the board shall cause to be made sufficient copies of the record of proceedings to provide a copy for each of the members of the commission and one for the teacher. The record shall consist of all notices given to the teacher, all papers filed with the board by the teacher in compliance with the provisions of this chapter, transcript of testimony and other evidence and the findings and decisions of the board. [Emphasis added.]
In the present case Gee argues that the record does not contain the Board’s findings and decisions. Moreover, Gee contends that under § 16-24-10(b) the Board must at least reveal its reasons for terminating a teacher’s contract. Without such findings being specifically set out, Gee says that the Commission was unable to determine whether the evidence sustained the termination of employment.
The necessity of a board of education to make findings of fact was addressed in Pratt v. Alabama State Tenure Commission, 394 So.2d 18 (Ala.Civ.App.1980), cert. denied, 394 So.2d 22 (Ala.1981). In that case we held that the Board did not have to make specific findings of fact to comply with § 16-24-10(b). In Pratt we found that the Board had complied with § 16-24-10(b) by notifying the teacher in writing of the proposed grounds for termination. Further the Board’s minutes and a letter to the teacher revealed that the Board had found that the charges against the teacher had been substantiated.
Gee argues that in this case the record does not reveal any minutes of the Board wherein the Board had voted to terminate the contract. As a result she states that the Board’s findings and decisions are not sufficiently documented as required by Pratt, supra.
Recently in the case of Pinion v. Alabama State Tenure Commission, 415 So.2d 1091 (Ala.Civ.App. March 24, 1982), we addressed this same issue. In that case we held that the Board had followed proper procedure by notifying the teacher in writing of the grounds for the proposed termination, by having a hearing where a complete transcript was taken, and by notifying the teacher in writing that after considering the evidence presented at the hearing, the Board had voted in favor of termination.
All of this was done in the present case. The Board held a full hearing as evidenced by the record in this case. The evidence in the record supports the grounds for termination as set forth in the letter notifying Gee of the proposed termination. Finally Gee was notified in writing that the Board after hearing the evidence had voted to terminate her contract.
In both Pratt, supra, and Pinion, supra, we stated that it would be preferable for a board of education to make specific findings of fact, and we certainly urge boards to do so. However, under the doctrine of these prior cases, we find that the requirements of the statute were sufficiently met so as to preclude reversal.
So long as the teacher is given written notice of the proposed grounds of termination, a full evidentiary hearing is held on *229 these grounds, and the teacher is notified in writing that the Board, after considering the evidence, has voted to terminate the contract, the teacher’s right to due process has not been violated. In this case, the Board has followed these requirements.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.