477 So.2d 438 (1985)
Deloris N. MAY
v.
ALABAMA STATE TENURE COMMISSION and Mountain Brook Board of Education.
Civ. 4801.
Court of Civil Appeals of Alabama.
July 24, 1985.
As Corrected on Denial of Rehearing August 21, 1985.
Certiorari Denied November 1, 1985.
*439 William M. Dawson, Birmingham, for appellant.
Donald B. Sweeney, Jr. of Rives & Peterson, Birmingham, for appellees.
Alabama Supreme Court 84-1290.
HOLMES, Judge.
This is a teacher tenure case.
The teacher filed an action in the circuit court, seeking that a writ of mandamus issue to the Alabama State Tenure Commission. The teacher sought to require the Tenure Commission to set aside the determination that cancellation of the teacher's contract because of declining enrollment was not arbitrarily unjust.
The trial court denied the writ, and the teacher appeals. We affirm.
The teacher apparently contends that, under the tenure laws, a tenured teacher cannot be eliminated from a school system if any combination, change, or alteration in the system could be made to accommodate the tenured teacher.
The brief facts are that the teacher had been employed by the Mountain Brook Board of Education (Board) for a sufficient length of time to have achieved continuing service status or tenure as a teacher. The teacher was certified to teach social studies and had done so for a number of years. The teacher was also secondarily certified to teach speech and drama.
The Mountain Brook Board of Education suffered a decline in student enrollment, and the Board decided that a number of teaching positions had to be eliminated.
The Board canceled several non-tenured teachers' contracts in the system and also informed the appealing teacher that her contract would be canceled because of a reduction in social studies teaching units.
The teacher requested a hearing before the Board, and after such hearing the Board approved the contract cancellation. The teacher then appealed to the Tenure Commission, which affirmed the Board's decision and found that the teacher's contract was not "unjustly" canceled.
The teacher then, by way of a writ of mandamus, filed an action in the circuit court, seeking to force the Tenure Commission to set aside its earlier decision. As stated, the trial court denied the writ and found that the contract cancellation was not in violation of the Alabama Teacher Tenure Act.
The teacher, as indicated, appeals, contending that, because she was qualified to teach other subjects at the school, the Board is obligated to make changes or alterations in the system in order to accommodate her tenured position.
*440 First, we note that the decision of the Tenure Commission is final and is subject to review by mandamus only to determine if there was procedural error or if the decision of the Tenure Commission was unjust because it was contrary to the preponderance of the evidence. Miller v. Alabama State Tenure Commission, 451 So.2d 301 (Ala.Civ.App.1984).
Section 16-24-8, Ala.Code (1975), states that:
"Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons."
Here, as stated, the reason given for cancellation of the teacher's contract was a justifiable decrease in the number of teaching positions.
It is clear from the record that the Mountain Brook School System had suffered a significant decline in student enrollment. Additionally, there was ample evidence before the Tenure Commission that, under the circumstances, the reduction in teaching positions was justifiable in accordance with § 16-24-8, Ala.Code (1975).
The teacher argues that she is certified to teach speech and drama and that the Board retained a non-tenured teacher in a speech and drama teaching position. The teacher contends that the Board is prohibited from canceling her contract when a non-tenured teacher is retained in a position that she could teach.
The only language that indicates any support for the teacher's contention is found in Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197 (1955). In that case, in an elementary school situation the court stated that a tenured teacher's contract could not be canceled when the Board retains a non-tenured teacher who is qualified to teach the same position.
In the instant case, however, the non-tenured teacher was certified and scheduled to teach English classes in addition to the speech and drama classes. There was evidence before the Board from which it could have reasonably concluded that the appealing teacher was not certified to teach English and, therefore, was not qualified to teach the same position as the non-tenured teacher. On direct examination the appealing teacher stated that her educational background was in speech, drama, social studies, and social sciences and that she was certified to teach history and social studies. The superintendent of schools testified that the appealing teacher was certified with the state in social studies, as her major field, and speech and drama, as her minor field. Neither the teacher nor the superintendent stated that she was certified to teach English.
To require the Board to cancel the non-tenured teacher's contract and retain the appealing teacher could possibly affect the quality of instruction in the system and alter the positions of numerous tenured teachers.
Additionally, in Woods v. Board of Education of Walker County, 259 Ala. 559, 67 So.2d 840 (1953), the court stated that, when a Board is faced with a reduction in teaching positions, much must be left to the "enlightened discretion" of the Board after considering the entire situation. See also Williams v. Board of Education of Lamar County, 263 Ala. 372, 82 So.2d 549 (1955).
In view of the ample evidence of a justified decrease in teaching positions and the "enlightened discretion" of the Board in the cancellation of teacher contracts, we cannot say that the trial court erred in denying the writ of mandamus, refusing to set aside the determination of the Tenure Commission.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

*441 ON REHEARING
HOLMES, Judge.
OPINION CORRECTED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.