HOLMES, Presiding Judge.
This is a teacher tenure case.
Following notice and a hearing held in compliance with § 16-24-9, Ala.Code (1975) (1987 Repl.Vol.), the Birmingham Board of Education (Board) cancelled the employment contract of Elizabeth Talley (teacher). Thereafter, the teacher appealed to the Alabama State Tenure Commission (Commission), pursuant to § 16-24-10, Ala.Code (1975). The Commission reversed the action of the Board, and the Board filed a petition for writ of mandamus with the Circuit Court of Jefferson County. The circuit court found that the decision of the Commission was against all of the evidence and granted the petition. The Commission appeals. We affirm.
The dispositive issue on appeal is whether the Commission’s decision is against the *1069 preponderance of the evidence. Put another way, was the Commission’s decision to reverse the Board unjust?
The record in pertinent part reveals the following:
The teacher was employed by the Board as an instructor and had attained tenure in that position. On September 17, 1987, the teacher escorted the students in her class to the water fountain. While at the fountain, the teacher told Che Hill (student) to move and “get off the water fountain.” The student stated that he had not finished drinking water and then allegedly made a gesture with his lips.
In response to this gesture by the student, the teacher struck the student in the face. The teacher testified that she realized that she had violated the Board’s policy; so she sent the student to the office to report the incident to the principal.
The principal testified that the student came to her office and reported that the teacher had slapped him. The principal further testified that the teacher also came to the office and acknowledged that she had struck the student in the face and said that, if the student was going to act like a man, she would treat him like one.
Three other witnesses, all students, testified that they were present when the incident took place and that the teacher had either “slapped” or “popped” the student.
The record is also clear that the Board has a policy whereby no teacher is to strike a student. This policy does allow certain corporal punishment in some situations. However, there are strict guidelines set out by the Board which must followed, none of which was adhered to in this instance.
As noted above, after a hearing the Board terminated the teacher’s employment contract. The Commission, however, reversed the Board’s action.
This court’s review is the same as the circuit court’s. Our review of the findings of the Commission is limited to a determination of whether the action of the Commission is unjust. Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala. 1976). In determining whether the Commission’s decision is unjust, this court reviews the record to see if the Commission’s ruling is against the preponderance of the evidence or the overwhelming weight of the evidence. Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala.1977).
After a careful review of the record, we find that the Commission’s decision is against the preponderance of the evidence.
The evidence presented before the Board is clear and undisputed that the teacher struck the student in the face and that such conduct is against Board policy. The only dispute in the evidence is the teacher’s subsequent characterization of the “striking” as a “tap” to the student’s face, as opposed to the other witnesses’ testimony that the teacher “slapped” or “popped” the student. In fact, the teacher’s only defense to the incident was that she struck the student in a reflex manner after the student allegedly made a gesture with his lips. This defense also makes clear that the teacher did indeed strike the student in response to the alleged misconduct of the student.
The question before the Board was whether the teacher’s action, i.e., striking the student, violated the Board’s corporal punishment policy. All the evidence relevant to this issue showed that the teacher did not follow the specified guidelines set out by school policy, i.e., she was not given permission to administer corporal punishment; there was no adult witness present, and other students witnessed the incident. This shows a clear violation of the Board’s policy.
We further note that the Commission’s review of the Board’s decision is not without restraints. Hammond v. Bailey, 394 So.2d 25 (Ala.Civ.App.1980). While the Commission may determine the truthfulness of the Board’s charges and reach a different conclusion of fact, it does not have jurisdiction to question the wisdom of the Board’s action if the charges are true. See Alabama State Tenure Commission *1070 v. Phenix City Board of Education, 467 So.2d 263 (Ala.Civ.App.1985).
Pursuant to statute, the Board may terminate a teacher’s employment contract for insubordination. Clearly, not adhering to school policy falls within this category.
We are not to be understood, however, as saying that every instance of a “touching” of a student by a teacher amounts to a violation of Board policy concerning corporal punishment. See Harris v. Commonwealth Secretary of Education, 29 Pa.Commw. 625, 372 A.2d 953 (1977). Nevertheless, as noted above, the evidence here is undisputed that the teacher did strike a student and that this action was against school policy. Therefore, we agree with the circuit court that the decision of the Commission to reverse the Board was against the preponderance and overwhelming weight of the evidence. Therefore, we affirm the order of the circuit court.
This case is due to be affirmed.
AFFIRMED.
INGRAM, J., concurs.
ROBERTSON, J., dissents.