The Birmingham Board of Education ("Board") cancelled the employment contract of Elizabeth Talley, a tenured teacher in its school system. Ms. Talley appealed to the Alabama State Tenure Commission ("Commission"), which reversed the Board's action and ordered that she be reinstated. The Board petitioned the Circuit Court of Jefferson County for a writ of mandamus compelling the Commission to vacate its order. The circuit court issued the writ. The Commission appealed to the Alabama Court of Civil Appeals, which affirmed the judgment of the circuit court. See State Tenure Comm'n v. Birmingham Bd. ofEduc., 555 So.2d 1068 (Ala.Civ.App. 1989). The Commission then filed a petition for a writ of certiorari with this Court, which was granted. We reverse and remand.
For a more detailed statement of the background and facts of this case, see State Tenure Comm'n v. Birmingham Bd. of Educ., supra.
In Sumter County Bd. of Educ. v. Alabama State Tenure Comm'n,352 So.2d 1137, 1138-39 (Ala. 1977), this Court enunciated the standard by which rulings of the Commission are to be judicially reviewed:
 "As we pointed out in [State Tenure Comm'n v. Mountain Brook Bd. of Educ., 343 So.2d 522 (Ala. 1977)], the Alabama State Tenure Commission was created by the legislature as an administrative agency with the function, inter alia, of reviewing actions of boards of education cancelling tenured teachers' contracts. Tit. 52, § 360, Code of Alabama 1940 (§ 16-24-10 Code of Alabama 1975). Under this Section, the action of the State Tenure Commission is final and conclusive, if taken in compliance with the provisions of Chapter 13 of Tit. 52, § 351, et seq. (Chapter 24 of the Code of 1975) and unless unjust.
 "We said in Mountain Brook that review is by mandamus in the circuit court, and that its judicial review is limited to two determinations, first, whether the Tenure Commission's action was made in compliance with the provisions of the chapter, and second, whether this action was unjust. There was no question in Mountain Brook but that the procedural requirements of the chapter were met. As to the second inquiry, we stated the issue to be 'whether there was sufficient evidence before the Commission to support its conclusion that the decision of the Board of Education should be reversed. . . . If there was sufficient evidence to support such a conclusion, then the decision of the Commission must be affirmed as not unjust.' There, we concluded that the evidence was sufficient to support the Commission's findings and conclusion.
 "We shall now proceed to explain the meaning of the term 'sufficient evidence' to support the conclusions of the Commission, i.e., the scope of review by the Court of Civil Appeals on review of the Tenure Commission's ruling.
 "The petitioner suggests that the rule of appellate review as to whether the decision of the Tenure Commission is 'unjust' or not is whether there is any sufficient evidence in the record to support the judgment of the local school board. In other words, petitioner contends that the local school board can be reversed by the State Tenure Commission only if there is no sufficient evidence
to support the Board's judgment.
 "On the other hand, respondent's position is that the true test as to whether the decision of the Tenure Commission is 'unjust' or not is whether that decision is unsupported by any competent evidence in the record. Thus, the respondent *Page 1073 
would say that the decision of the Tenure Commission can be reversed by the appellate court only if there is no competent evidence in the record to support the Tenure Commission's decision.
 "We accede to neither view. In Mountain Brook, we stated the rule to be if 'there was sufficient evidence to support' the conclusion of the Tenure Commission then its decision must be affirmed as 'not unjust.' We did not think it necessary to indicate our views as to what would constitute sufficient evidence, because we found sufficient evidence to support the Commission's findings and conclusions. We did commend, in Mountain Brook, the opinion which Mr. Justice Kohn authored for this Court in State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823
(1968) as 'an erudite and full discussion of the role of the State Tenure Commission.'
 "In Madison County Mr. Justice Kohn wrote, 'Was the conclusion of the State Tenure Commission unjust? The preponderance of the evidence and the overwhelming weight of the evidence did not warrant such a conclusion.' Thus, it clearly appears that in that decision this Court considered the appellate rule of review to be the 'preponderance of the evidence' and the 'overwhelming weight of the evidence.'
 "Therefore, we hold that the State Tenure Commission's conclusions and judgment will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and the overwhelming weight of the evidence.
 "It is self-evident that if a Tenure Commission's decision is against the preponderance of the evidence and the overwhelming weight of the evidence, there is not sufficient evidence to support such conclusion.
 "Moreover, to the extent that any existing case law is at variance with this opinion, it is, of course, modified." (Emphasis in original.)
At this juncture, we think that it would be prudent to comment on one aspect of the rule of appellate review set out above. In Sumter County Bd. of Educ., this Court emphasized that a decision of the Commission is not unjust and, therefore, should not be reversed on appeal, unless it is against both the "preponderance of the evidence" and the "overwhelming weight of the evidence." It is axiomatic, however, that if a decision of the Commission is against the overwhelming weight of the evidence, it is also against the preponderance of the evidence. Of course, the converse is not always true. It is quite possible for a decision of the Commission to be against the preponderance of the evidence, but not against the overwhelming weight of the evidence. Thus, it is unnecessary and, evidently, confusing[1] to couch the inquiry in a case of this kind in terms of whether the Commission's decision is against "the preponderance of the evidence and the overwhelming weight of the evidence." Simply put, the scope of judicial review is extremely limited in teacher tenure cases, and the decision of the Commission should not be reversed unless the overwhelming weight of the evidence dictates otherwise.
The dispositive issue in this case then is whether the Commission's decision was against the overwhelming weight of the evidence. We hold that it was not. *Page 1074 
The record reveals the following: Ms. Talley, who has a bachelor's degree and two master's degrees, and who was a 14-year veteran of the Birmingham city school system, escorted the students in her class to the water fountain. While at the fountain, Ms. Talley had a confrontation with an eighth-grade male student. The student, who was between 5'1" and 5'3" tall and who weighed between 160 and 180 pounds, and who was characterized by other teachers as a difficult student,[2] made a gesture toward Ms. Talley with his lips. In response to this gesture, which Ms. Talley characterized as threatening, Ms. Talley "struck" the student in the face. Ms. Talley testified that she "tapped" the student's face. The student characterized the touching as a "slap." Three other witnesses, all students, testified that they were present when the incident took place and that Ms. Talley either "slapped" or "popped" the student. The student suffered no red mark or bruise as a result of the incident, although he testified that he did feel a "sting." Immediately following the incident, Ms. Talley sent the student to the office to report the incident to the principal. Ms. Talley also went to the office and reported the incident to the principal. Ms. Talley testified that she understood that her actions constituted a violation of the Board's policy against a teacher's striking students. She strenuously maintained, however, that she acted reflexively in response to the student's gesture and that she was sorry the incident had occurred. Ms. Talley had a good teaching record prior to and following this incident, until her contract was terminated by the Board. Several fellow teachers testified in support of Ms. Talley's fitness to teach.
The statutory grounds relied upon by the Board for terminating Ms. Talley's contract were "insubordination" and "other good and just cause." See Ala. Code 1975, § 16-24-8. "Insubordination" is not defined in the statute; however, it has been judicially defined as the willful refusal of a teacher to obey the reasonable rules and regulations of his or her employing board of education, see State ex rel. Steele v. Boardof Educ. of Fairfield, 252 Ala. 254, 40 So.2d 689 (1949); StateTenure Comm'n v. Madison County Bd. of Educ., 282 Ala. 658,213 So.2d 823 (1968); see, also, Pinion v. Alabama State TenureComm'n, 415 So.2d 1091 (Ala.Civ.App. 1982); and as the willful refusal of a teacher to obey an order that a superior officer is entitled to give and entitled to have obeyed so long as such order is reasonably related to the duties of the teacher, see Heath v. Alabama State Tenure Comm'n, 401 So.2d 68
(Ala.Civ.App.), cert. denied, 401 So.2d 72 (Ala. 1981); Jonesv. Alabama State Tenure Comm'n, 408 So.2d 145 (Ala.Civ.App. 1981). Likewise, the phrase "other good and just cause" is not defined in the statute; however, it has been judicially interpreted to mean any cause that bears a reasonable relation to the teacher's fitness or capacity to discharge the duties of his or her position. See State Tenure Comm'n v. Madison CountyBd. of Educ., supra. In Ellenburg v. Hartselle City Bd. ofEduc., 349 So.2d 605, 609-10 (Ala.Civ.App. 1977), the court, quoting 68 Am.Jur.2d Schools § 183 (1973), stated the following:
 " ' "[G]ood cause" in a statute of this kind [Tenure Act] is by no means limited to some form of inefficiency or misconduct on the part of the teacher dismissed, but includes any ground put forward by a school committee in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the committee's task of building up and maintaining an efficient school system. Limited only by the statutory provision that they must be good and just causes, the jurisdiction and discretion to determine what these causes may be rests in the hands of the school authorities.' "
See, also, Rogers v. Alabama State Tenure Comm'n,372 So.2d 1313-14 (Ala.Civ.App. 1979). In the present case, the Commission concluded that the Board's action was "arbitrarily unjust." See Ala. Code 1975, § 16-24-10. The Commission apparently reached that conclusion after finding that the statutory grounds relied upon by the Board for terminating Ms. Talley's contract *Page 1075 
were not supported by the evidence. Although the evidence clearly shows that Ms. Talley violated the Board's policy when she struck the student, the evidence also supports the conclusion that was apparently reached by the Commission — that Ms. Talley's conduct did not rise to the level of "insubordination" and did not constitute "other good and just cause" for terminating her contract. Ms. Talley was a veteran school teacher with a good overall teaching record. The Commission apparently believed that Ms. Talley acted reflexively in response to a disrespectful gesture made by the student — not in conscious disregard of the Board's corporal punishment policy — and that the termination of her contract was unreasonable under the circumstances. After carefully reviewing the evidence in this case, we cannot hold that the overwhelming weight of the evidence is contrary to the conclusion reached by the Commission.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
[1] Although the Court of Civil Appeals concluded its opinion by stating that the decision of the Commission was subject to reversal because it "was against the preponderance or overwhelming weight of the evidence," we note that other parts of the opinion, as set out below, indicate confusion on the court's part as to the correct standard to be applied:
 "The dispositive issue on appeal is whether the Commission's decision is against the preponderance of the evidence. Put another way, was the Commission's decision to reverse the Board unjust?" (Emphasis added.)
----------
 "In determining whether the Commission's decision is unjust, this Court reviews the record to see if the Commission's ruling is against the preponderance of the evidence or the overwhelming weight of the evidence." (Emphasis added.)
 ---------- "After a careful review of the record, we find that the Commission's decision is against the preponderance of the evidence." (Emphasis added.)
[2] One of the teachers testified that on one occasion the student in question was involved in an attempt to force a younger student to eat garbage in the lunchroom.