This is a teacher tenure case.
Thomas Jones was a tenured teacher with the Lee County Board of Education (Board). Jones's primary teaching assignment was driver's education. During a thirteen-month period Jones was twice arrested for driving while under the influence of alcohol (DUI). The first arrest resulted in a conviction for the offense and the suspension of Jones's driver's license for two months. At the time of the hearing in the case at bar, Jones had not been tried for the second DUI offense. However, there is evidence in the present record that Jones has admitted that he was under the influence of alcohol at the time of the second arrest for DUI. Also, Jones's car insurance has been canceled, and he is thereby ineligible to teach driver's education.
After a hearing pursuant to § 16-24-9, Code 1975, the Board voted to terminate Jones's teaching contract in June 1990. Jones appealed to the Alabama State Tenure Commission (Commission), which reversed the Board's decision. The Board then petitioned the Lee County Circuit Court for a writ of mandamus to vacate the decision of the Commission. The circuit court granted the writ and reinstated the Board's decision. The Commission filed a motion to reconsider and the trial court denied this motion on January 2, 1991. The Commission appeals from the denial.
It is well established that the judgment of the Commission is final and may be reversed by the circuit court on review by mandamus only if the Commission has failed to comply with the tenure law's procedural requirements or has rendered a judgment that is unsupported by the preponderance and overwhelming weight of the evidence. Franklin v. Alabama State TenureComm'n, 482 So.2d 1214 (Ala.Civ.App. 1985). Likewise, this court's scope of review is the same as that of the circuit court: whether the Commission has failed to comply with the statutory procedures or whether the Commission's action is so contrary to the preponderance and overwhelming weight of the evidence as to be unjust. Alabama State Tenure Comm'n v.Conecuh County, 495 So.2d 1105 (Ala.Civ.App.), cert. quashed,495 So.2d 1108 (Ala. 1985).
After examining the record on appeal from Jones's termination, the Commission found that the termination was not in accordance with § 16-24-8, Code 1975, and was "arbitrarily unjust." The issue before us is whether this finding was so unsupported by the preponderance and overwhelming weight of the evidence as to warrant reversal by the circuit court. The *Page 478 
parties agreed that there had been no violation of the statutory procedural requirements by the Board.
Section 16-24-8, Code 1975, sets out the grounds which justify cancellation of a tenured teacher's employment contract. The statute provides:
 "Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons." (Emphasis added.)
The term "incompetency" as used in the statute may be used to mean disqualification, inability, or incapacity to fulfill the necessary teaching duties. Pratt v. Alabama State TenureComm'n, 394 So.2d 18 (Ala.Civ.App. 1980). The term "neglect of duty" is defined as the failure to do what one is required to do by law or contract. Pratt. The term "other good and just cause" may include the teacher's failure to meet the requirements for certification in his subject. Rogers v.Alabama State Tenure Comm'n, 372 So.2d 1313
(Ala.Civ.App. 1979), citing Ellenburg v. Hartselle City Bd. of Educ.,349 So.2d 605 (Ala.Civ.App. 1977).
Here, the grounds of Jones's termination were set out by the letter of dismissal sent to him from the Board. The letter stated:
 "You have been arrested for DUI twice. You will be unable to perform the majority of your teaching assignment because of the failure to have a driver's license and a satisfactory vehicle insurance approval."
We find that these grounds clearly fall within the perimeters of § 16-24-8. State Education Department rules require that a driver's education teacher maintain a valid driver's license, adequate automobile insurance, and a good driving record. By failing to do these things, Jones lost his certification to teach driver's education, and thus rendered himself incapable of performing his primary teaching duties. The Commission's finding that Jones's termination was violative of § 16-24-8 is therefore wholly unsupported by the evidence.
The Commission next contends that the Board's dismissal of Jones was "arbitrarily unjust" because Jones was certified to teach subjects other than driver's education.
The record shows that Jones is certified by the State to teach health and physical education, traffic education, and biological science until 1994. Indeed, Jones was originally hired by the Lee County Board of Education to teach health and physical education. Jones taught science classes, as well as driver's education, in the 1989-90 school year. The record shows that in its first meeting following Jones's termination, the Board hired teachers to fill teaching positions in physical education and science in two different high schools within the Lee County School system. The Commission contends that Jones should have been placed in one of these vacancies because he is certified to teach these subjects.
To bolster its argument, the Commission cites Pickens CountyBd. of Educ. v. Keasler, 263 Ala. 231, 82 So.2d 197 (1955), andMay v. Alabama State Tenure Comm'n, 477 So.2d 438
(Ala.Civ.App. 1985). In Keasler, the Alabama Supreme Court held that a tenured teacher's employment contract could not be canceled when the Board retains a nontenured teacher who is qualified to teach the same position. In May, a tenured social studies teacher was dismissed after a decrease in enrollment forced the school to cut the number of social studies classes offered. The teacher was also certified to teach speech and drama, and the evidence showed that the school retained a nontenured teacher to teach these subjects after dismissing the tenured teacher. Citing Keasler, the teacher argued that she could not be dismissed by the school system if she could be reassigned to the nontenured teacher's position. However, the nontenured teacher was scheduled to instruct English classes, as well as drama and speech, and the tenured teacher failed to prove that she was certified to teach English. Without such proof, this court found that the tenured teacher was not qualified to fully perform *Page 479 
the duties of the position given to the nontenured teacher.
We find that the Commission's reliance on Keasler and May is misplaced. The record merely reflects the Board's hiring of two teachers following Jones's dismissal. There was no evidence before the Commission to show that the positions were filled by nontenured teachers, as was the case in both Keasler and May.
Moreover, Jones did not present evidence to show that he was certified to teach the particular type of science and physical education required for the two vacant positions. Indeed, the only evidence that was presented to the Commission merely confirms that Jones's termination as a driver's education teacher was proper under § 16-24-8.
We agree with the circuit court that the Commission's order is not supported by the evidence in the record; hence, the order granting the petition for mandamus is not erroneous.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.