595 So.2d 479 (1991)
Ex parte ALABAMA STATE TENURE COMMISSION.
(Re ALABAMA STATE TENURE COMMISSION v. LEE COUNTY BOARD OF EDUCATION).
1901454.
Supreme Court of Alabama.
December 13, 1991.
*480 Ernestine Sapp of Gray Langford Sapp McGowan & Gray, Tuskegee, and Edward Still, Birmingham, for petitioner.
W.F. Horsley of Samford, Denson, Horsley, Pettey, Martin and Barrett, Opelika, for respondent.
MADDOX, Justice.
The issue in this case is whether the Court of Civil Appeals, 595 So.2d 476, correctly held that the decision of the Alabama State Tenure Commission was against the overwhelming weight of the evidence.
The record reveals the following: Thomas Jones was a tenured teacher with the Lee County Board of Education (hereinafter "Board"), certified by the State of Alabama to teach health, physical education, driver's education, and biological science until 1994. During the 1989-90 school year, Jones's primary teaching assignment was driver's education; he also taught science classes.
After Jones was twice arrested for driving under the influence of alcohol (DUI) within a period of 13 months,[1] his driver's license was suspended and his automobile insurance was canceled, thereby rendering him ineligible to teach driver's education. Subsequently, in June 1990, the Board held a hearing pursuant to Ala.Code 1975, § 16-24-9, and voted to terminate Jones's teaching contract. The grounds of Jones's termination were set out by a letter of dismissal sent to him by the Board:
"You have been arrested for DUI twice. You will be unable to perform the majority of your teaching assignment because of the failure to have a driver's license and a satisfactory vehicle insurance approval."[2]
The record shows that in the first Board meeting following Jones's termination, the Board hired teachers to fill teaching positions in physical education and science in two high schools within the Lee County school system.
Jones appealed to the Alabama State Tenure Commission ("Commission"), which reversed the Board's decision, finding that Jones's termination was "arbitrarily unjust." The Board then petitioned the Lee County Circuit Court for a writ of mandamus to vacate the decision of the Commission. The circuit court granted the writ and reinstated the Board's decision to terminate Jones's teaching contract. The Commission appealed, and the Court of Civil Appeals affirmed the circuit court's judgment, finding that the grounds stated in the Board's letter clearly fell within the perimeters of Ala.Code 1975, § 16-24-8, which sets out the grounds justifying cancellation of a tenured teacher's employment contract:

*481 "Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons."
Alabama State Tenure Comm'n v. Lee County Bd. of Educ., 595 So.2d 476 (Ala. Civ.App.1991).
The Court of Civil Appeals rejected the Commission's contention that the Board's dismissal of Jones was "arbitrarily unjust" because Jones was certified to teach subjects other than driver's education, and wrote:
"There was no evidence before the Commission to show that the positions were filled by nontenured teachers.... Moreover, Jones did not present evidence to show that he was certified to teach the particular type of science and physical education required for the two vacant positions."
Alabama State Tenure Comm'n, 595 So.2d 476.
In its petition to this Court, the Commission argues that the Court of Civil Appeals placed the burden of proof upon the wrong party, in contravention of the statement of the burden of proof set forth in Ex parte Alabama Tenure Comm'n, 555 So.2d 1071, 1073 (Ala.1989):
"[T]he scope of judicial review is extremely limited in teacher tenure cases, and the decision of the Commission should not be reversed unless the overwhelming weight of the evidence dictates otherwise."
In other words, the Commission argues that the presumption should be that the Commission's decision is correct unless the Board showed that there were no nontenured teachers hired to teach in the same fields as the discharged teacher was qualified to teach in, rather than placing the burden upon the Commission to show that the newly hired teachers are nontenured.
We agree. The following principles are set forth in Ala.Code 1975, § 16-24-38:
"The action of the state tenure commission in reviewing ... cancellation of teacher contracts, ... unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located."
The "review" by petition for mandamus filed in the circuit court does not mean a trial de novo. Greene v. Washington County Bd. of Educ., 45 Ala.App. 216, 228 So.2d 829 (1969). Mandamus is an extraordinary writ, and the writ of mandamus will not lie for the purpose of a supervisory review of the Commission's decision; the circuit court is limited to two considerations: (1) whether the commission's action is in accordance with the teacher tenure law, and (2) whether the action was "unjust." Alabama State Tenure Comm'n v. Mountain Brook Bd. of Educ., 343 So.2d 522 (Ala.1976); DeCarlo v. Tarrant City Bd. of Educ., 52 Ala.App. 220, 291 So.2d 155 (1974); State Tenure Comm'n v. Madison County Bd. of Educ., 282 Ala. 658, 213 So.2d 823 (1968).
Because the Commission has the power to retry the case on the record and to reach its own conclusions of fact, Sumter County Bd. of Educ. v. Alabama State Tenure Comm'n, 352 So.2d 1133, 1135 (Ala.Civ.App.), aff'd as modified, 352 So.2d 1137 (Ala.1977), once the Commission makes a finding from the record, an appellate court must presume the Commission's decision to be correct and overturn the decision only if it finds overwhelming evidence contrary to the decision. After carefully reviewing the evidence in this case, we cannot hold that the overwhelming evidence is contrary to the conclusion reached by the Commission.
We have consistently held that the purpose of the tenure statute is to promote stability in employment and to prevent a board from discharging a tenured teacher instead of a nontenured teacher:
"It is well established that the Teacher Tenure Act has as its primary purpose the securing of permanency in the teaching *482 force and that it is remedial in nature and is therefore to be liberally construed in favor of the teacher. State Tenure Comm'n v. Board of School Commissioners of Mobile County, 378 So.2d 1142 (Ala.Civ.App.1979); Haas v. Madison County Board of Education, 380 So.2d 873 (Ala.Civ.App.1980)."
Board of School Commissioners of Mobile County v. Wright, 443 So.2d 43 (Ala.Civ. App.1983); see Board of Educ. of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822 (1941); Madison County Bd. of Educ. v. Wigley, 288 Ala. 202, 259 So.2d 233 (1972). Jones was qualified to teach courses other than driver's education. The burden was upon the Board to show that it did not place nontenured teachers in the same fields as the discharged teacher was qualified to teach in.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON and INGRAM, JJ., dissent.
HOUSTON, Justice (dissenting).
Our standard of review is set out in Ex parte Weaver, 559 So.2d 178 (Ala.1989), and Ex parte Alabama State Tenure Commission, 555 So.2d 1071 (Ala.1989). Was the action of the Tenure Commission "unjust"? The answer depends on whether the action was contrary to the overwhelming weight of the evidence. The Court of Civil Appeals' finding that the Tenure Commission's decision was "wholly unsupported by the evidence" and that there was "no evidence" as to the availability of teaching positions was tantamount to a finding that the decision of the Tenure Commission was contrary to the overwhelming weight of the evidence. Therefore, I would affirm.
INGRAM, J., concurs.
NOTES
[1] The first arrest resulted in a conviction for the offense and the suspension of Jones's driver's license for two months. At the time of the hearing in the case at bar, Jones had not been tried for the second DUI offense. However, there is evidence in the record that Jones admitted that he was under the influence of alcohol at the time of the second arrest for DUI.
[2] At the cancellation hearing the Board presented no evidence of incompetency to teach science or of neglect of duty or disciplinary problems.