The Birmingham Board of Education (board) terminated the services of Leroy Burton (Burton), as teacher-principal at West End Night School (West End). The record indicates that Burton taught for twenty-nine years prior to the occurrence leading to the termination of his services at West End.
The record reveals that on March 8, 1988, Burton was attacked, while attempting to stop a fight involving four young men and a student in the hallway of West End. When one of the assailants reached for something in his pocket, Burton discharged a firearm into the ground as a scare tactic. Although there were other students in the hallway at this time, none were injured. Another teacher assisted Burton by pulling two of the assailants away from him. All four assailants then fled. Burton testified that the assailants were not students and that "I wouldn't know them today if they came into this building."
The record further reveals that vandalism, theft, and fighting were common occurrences at West End, that there was no security at the school, that much of the violence at West End was caused by outsiders, and that Burton had unsuccessfully requested security at the school. The evidence also reveals that Burton received tuition monies at West End, and that he sometimes carried large amounts of cash.
Following an inquiry by a parent regarding the discharge of the firearm, the board conducted an investigation which revealed that Burton had not been authorized to carry a weapon on school grounds. The board subsequently notified Burton of the following:
 "[t]he Birmingham Board of Education intends to terminate your services as Teacher-Principal at the West End Night School. . . . You are also hereby suspended without pay upon receipt of this letter for the reasons as set out below. *Page 114 
"The statutory reasons for the proposed cancellation and suspension are incompetence, insubordination, immorality, and other good and just cause.
 "Examples of the conduct or evidence thereof which compromise these grounds are:
 "Discharging a firearm on the premises of the West End Night School during the evening of March 8, 1988, in violation of Board Policy 3131."
Board Policy 3131 provides:
 "The possession of firearms or other lethal weapons by staff members of the Birmingham schools is prohibited in the buildings and on school grounds or in one's motor vehicle on school property except as authorized by the superintendent of schools."
Board Policy 2120 further provides:
 "It is Board policy that 'the possession of firearms or other lethal weapons by Staff members of the Birmingham Schools is prohibited in the buildings and on school grounds except as authorized by the Superintendent of Schools.'
 "Authorization will be considered under the following criteria:
 "1. The staff member is likely to be confronted with a hazardous situation in the performance of his or her duties.
 "2. Is capable because of training and/or experience of handling potentially hazardous situations without the use of a weapon.
 "3. Is proficient and knowledgeable in the legal use of a firearm.
 "4. Typically maintains reasonable calm and self-control in stressful situation[s] in the opinion of the individual's immediate supervisor.
 "Requests for authorization are to be addressed to the Superintendent in writing and contain information on # 1, # 2, and # 3, above, include a description of the weapon and the individual's permit number, and include the immediate supervisor's recommendation. . . ."
After receiving this notice, Burton filed a notice of intent to contest the proposed termination of his employment. A hearing was then held by the board which upheld the recommendation of termination of Burton's employment. The Alabama Tenure Commission (Commission) affirmed the board's decision. Burton's petition for a writ of mandamus to the Circuit Court of Jefferson County was denied, and he appeals.
From the outset we note that our review of the findings of the Commission in teacher tenure cases is extremely limited and we can only reverse its decision if the action taken by the Commission is against the overwhelming weight of the evidence.Ex parte Alabama State Tenure Commission, 555 So.2d 1071 (Ala. 1989).
A teacher's failure to adhere to board policy may fall within the category of insubordination and be grounds for termination.State Tenure Commission v. Birmingham Board of Education,555 So.2d 1068 (Ala. 1989). Accordingly, we must determine the issue of whether there was sufficient evidence to support the conclusion that Burton violated board policy.
Evidence is defined generally as "[t]hat which demonstrates, makes clear, or ascertains the truth of the very fact or point in issue, either on the one side or on the other. That which tends to produce conviction in the mind as to existence of a fact." Black's Law Dictionary, 287 (5th ed. 1983). The issue in this case turns on whether Burton was approved to carry a firearm at school. Burton testified at the Commission hearing that he received oral permission to carry a firearm from Dr. Cody, who was his superintendent at that time. Burton further testified that Dr. Cody sent him a written request form, which he completed and dispatched via the interschool mail system, but he never received written approval from the superintendent. Burton testified that he assumed that he had the required permission, especially since he had a pistol permit from the state.
Dr. Cody did not testify at the Commission hearing and Burton did not present a copy of the written request that he allegedly submitted; therefore, the evidence supporting his contention that he submitted *Page 115 
a written request to carry a weapon at school was his testimony alone.
The evidence does reveal, however, that there is no question that Burton met the first three requirements of Policy 2120 as the board concedes that Burton had a right to be concerned for his safety at West End and Burton had received formal gun training in his former employment as a security guard. The record also shows that he did in fact have an unrestricted pistol license which was in effect at the time of the March 8, 1988, occurrence. The fourth requirement under Policy 2120 is whether Burton typically maintains self control in stressful situations. This determination must be made by the applicant's immediate supervisor and there was no evidence presented by either side to prove or disprove Burton's ability in this area.
The board's evidence revealed that a listing of those persons authorized to carry firearms at school was maintained in accordance with Board Policy 2120. The superintendent testified that Burton's name did not appear on that list. Testimony on behalf of the board was that the list was confidential, and that the list was only available to the board and the superintendent. The attorney for the board stated that even Burton had no authority to view the list for his name because the board maintains strict confidentiality of that list. The record reveals that Burton's attorneys did not request or subpoena this list.
After reviewing all of the evidence, we cannot determine whether Burton complied with board policy to request approval, and, if so, whether the request was acted upon. While we agree that Burton may have been knowledgeable in the use of firearms, the record is simply devoid of evidence that Burton did in fact have permission by the board to carry a firearm at West End.
It is troublesome to this court that a dedicated teacher such as Burton who, according to the record, has done a great deal for the budget of West End since his employment, and who has been praised by former students for his teaching ability, should have his services terminated over a violation of a board policy, when Burton could have easily fulfilled the policy requirements. During the board hearing, Burton queried: "What would you do? Four on you and one going to his pocket to get something, what's going to be your alternative: to try to what, survive. . . . No other thing you can do. You can't talk and compromise in those situations. You talk and compromise later."
It is undisputed that Burton carried and discharged a firearm on school property and that policy required approval for such. The board determined that Burton did not have the requisite approval to have a firearm in his possession and that this violation warranted the termination of his employment. The Commission upheld that determination. Such action by the Commission was not against the overwhelming weight of the evidence and we must affirm.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.