THIGPEN, Judge.
This is a teacher tenure case.
Johnnie Austin, a tenured teacher, was given notice by the Oxford City Board of Education (Board) in May 1990, of a proposal to transfer him from his twelve-month position as a co-op teacher in the Vocational Marketing division to a ten-month position as a business office education (BOE) instructor in the BOE department. The Board would pay Austin for ten months from vocational funds and “[t]he other 2 months [would] be paid from the Oxford City School General Funds as long as possible.” (Emphasis added.) Austin apparently requested a hearing before the Board, but later, after consulting an attorney, he withdrew his request.
In June 1991, the Board voted to accept the superintendent’s recommendation to reduce Austin’s twelve-month job to a ten-month job with a commensurate salary reduction. The Board notified Austin that the BOE position was only a ten-month position, that Austin did not perform any teaching duties during the additional two months, and that proration necessitated decreasing unnecessary expenses. Upon receiving that notice, Austin requested and was granted a hearing before the Board, and at that hearing the Board affirmed its action.
Austin appealed the Board’s decision to the Alabama State Tenure Commission (Commission), which reversed the decision of the Board and held that Austin was “transferred *461 in violation of the law.” The Board filed a petition for a writ of mandamus in the circuit court, requesting that the Commission be required to vacate its order.
After ore tenus proceedings, the Commission’s decision was affirmed by. the trial court. The trial court found that Austin surrendered his legal right to challenge the transfer in consideration of his salary not being reduced, and that the failure of the Board to honor the salary provision of the contract violated the teacher tenure law. His pre-transfer salary was promised to be paid for “as long as possible.” The trial court determined that payment was still possible, and that the “bargained for” salary provision must be honored. The Board’s post-judgment motion was denied, and the Board appealed.
Although the Board raises numerous issues on appeal, the dispositive issue concerns whether the trial court properly upheld the Commission’s determination pursuant to theories of tenure and contract law.
Our standard of review, like that of the trial court, is restricted to two considerations; i.e., whether the Commission’s action was in accordance with teacher tenure law, and whether the action was unjust. Ala. Code 1975, § 16-24-38; Ex parte Alabama State Tenure Commission, 595 So.2d 479 (Ala.1991). To determine if the action of the tenure commission was unjust, “the scope of judicial review is extremely limited ..., and the decision of the Commission should not be reversed unless the overwhelming weight of the evidence dictates otherwise.” Ex parte Alabama State Tenure Commission, 555 So.2d 1071, 1078 (Ala.1989).
Testimony revealed that Austin had been employed in the Oxford City schools for approximately twelve years. Initially, Austin protested the proposed transfer, but he was assured that he would not lose status and that the Board would continue to pay him at his past twelve-month salary rate for “as long as possible.” He then withdrew his protest and worked for one year in the new position, cutting grass during the two extra summer months. After the 1990-91 school year, the Board determined to discontinue paying Austin for the two months and Austin protested.
Teacher tenure law and contract law often interrelate. “Ordinarily, contract principles do not control when they conflict with the Act, or with its intent.” Morgan v. Huntsville City Board of Education, 510 So.2d 260, 261 (Ala.Civ.App.1987). The teacher tenure law’s purpose is to ensure teachers a measure of security and to provide some permanency in the teaching force; that purpose is to be read into all contracts entered into between school boards and teachers. Marshall County Board of Education v. State Tenure Commission, 291 Ala. 281, 280 So.2d 130 (1973). The State Tenure Commission “expresses the intent of the legislature to protect the right of tenure teachers.” State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 671, 213 So.2d 823, 833 (1968). “The teacher tenure law is to be construed liberally in favor of teachers, who are its principal beneficiaries.” Ex parte Weaver, 559 So.2d 178, 181 (Ala.1989).
The correctness of Austin’s transfer is not before us on appeal. The transfer became final when it was not contested pursuant to Ala.Code 1975, §§ 16-24-6, -7. Additionally, we are not determining the sufficiency of the complete cancellation of a tenured teacher’s contract. In the instant case, we are only determining whether the reduction in Austin’s compensation, allegedly implemented to cause his salary to conform to the general pay scale adopted by the Board for the ten-month position, was proper. Ala. Code 1975, § 16-24-4, states:
“The salary or compensation of any teacher on continuing service status may be changed for any succeeding year to accord with a general salary schedule adopted by the employing board of education; provided, that no salary schedule shall operate to compensate teachers in less sums than the sums contained in a minimum salary schedule, which may be adopted by the state board of education of Alabama for teachers in the public schools of the state.” (Emphasis added.)
The language of the above Code section is permissive, but not mandatory. The Board *462 in the instant case was not required to adhere to the schedule it adopted relating to ten-month teaching positions.
Although the superintendent of the Oxford city schools testified that paying Austin for the two months in question could not be justified and was unwise, he did not testify that it was impossible. Although Austin agreed to the transfer, he did not agree to a salary reduction. The Board decided not to adhere to the salary schedule when Austin was originally transferred, and Austin relied upon that decision.
The Board also argues that the Commission’s order was fatally defective, based upon its reference to the transfer. The transfer and salary reduction were closely associated, and although the foundation of the order appears to be the transfer of Austin, and not the salary reduction, there is a proper factual basis in the evidence for the decision. Therefore, we find the argument without merit.
Based upon the foregoing, we conclude that the trial court properly upheld the decision of the Commission, and, therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.