The Macon County Board of Education (Board) canceled the employment contract of Willie Stephens, a tenured teacher, on the grounds of insubordination and neglect of duty. The Alabama State Tenure Commission (Commission) upheld the termination. Stephens filed a petition for writ of mandamus in the Circuit Court of Macon County. After considering the record, briefs, and oral argument, the trial court denied the petition, finding that a factual basis existed for Stephens's termination. Stephens appeals.
The record reflects that Stephens was employed as an auto mechanics teacher at the area vocational school, located at Tuskegee Institute High School. He had been so employed for approximately 20 years.
Stephens received a letter dated May 28, 1991, notifying him that he would be transferred to the new Booker T. Washington High School for the upcoming 1991-1992 school year. This notification was due to a reorganization of the school district, wherein all high schools and the vocational school would be consolidated into one comprehensive high school, the Booker T. Washington High School. All affected personnel received the May 28, 1991, notification. Stephens did not contest the transfer.
The new high school was not completed by the beginning of the 1991-1992 school year. The students and the faculty of the new consolidated school proceeded to operate and function as a newly created unit. The school was temporarily housed at the former Tuskegee Institute High School. The Board anticipated that the new facility would be ready for occupancy after the Christmas holidays.
Barbara Forrester, the interim vocational director, received a memorandum dated December 18, 1991, informing her that all affected vocational instructors were to report to the new facility on January 6, 1992. Stephens did not report to the new facility as directed. Instead, he continued to report to the vocational education center at Tuskegee Institute High School.
Stephens received memoranda from the principal of the new consolidated school, dated *Page 551 
January 6, and 9, 1992, officially reprimanding him for his noncompliance. Stephens continued to refuse to report to the new facility.
On January 15, 1992, the principal received a memorandum from Stephens, dated December 31, 1991, stating that he thought that the new facility was unsafe and was not secure enough to protect his tools and equipment.
A meeting was scheduled for January 22, 1992, to discuss the matter. At that meeting Stephens's concerns were addressed and were determined to be without merit. At the conclusion of the meeting, Stephens agreed that he would report to the new facility that afternoon. Stephens failed to appear at the new facility on that day. The principal testified that he was left with no alternative but to recommend that Stephens's employment be terminated. He wrote Stephens a letter to that effect on January 22, 1992. On February 19, 1992, the Board voted to terminate Stephens's contract. The Commission subsequently affirmed that decision.
Stephens asserts that his termination was substantively and procedurally flawed.
The Commission's determination may be reversed by the circuit court only if that court finds that the Commission has failed to comply with the procedural requirements of the tenure laws or that it has rendered a judgment that is unjust. Ex parteAlabama State Tenure Comm'n, 595 So.2d 479 (Ala. 1991). This court presumes the Commission's decision to be correct and will overturn the decision only if we find overwhelming evidence contrary to the decision. Ex parte Alabama State Tenure Comm'n.
A tenured teacher's contract may be canceled on the grounds of incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause. § 16-24-8, Code 1975.
Stephens's employment was terminated for insubordination and neglect of duty. Insubordination has been defined "as the willful refusal of a teacher to obey an order that a superior officer is entitled to have obeyed so long as such order is reasonably related to the duties of the teacher." Ex parteAlabama State Tenure Comm'n, 555 So.2d 1071 (Ala. 1989). Neglect of duty has been judicially defined as the failure to do what one is required to do by law or contract. Pratt v.Alabama State Tenure Comm'n, 394 So.2d 18 (Ala.Civ.App. 1980).
Stephens's employment was terminated because he refused to report to the new facility to teach classes from January 6, 1992, through January 22, 1992. Even after receiving two reprimands from the principal, Stephens continued to report to the old facility. Stephens's refusal caused much confusion because some students were reporting to the old campus for classes, while others remained at the new facility with either a substitute teacher or no teacher at all. Stephens's concerns regarding the safety of the new facility did not excuse his failure to report to the new facility. The decision of whether to report was not his to make. Furthermore, his concerns were subsequently found to be without merit.
Stephens intentionally and continuously refused to obey the orders of his superiors. We find the Commission's decision to affirm Stephens's termination to be wholly supported by the evidence.
Stephens asserts that his employment was improperly terminated on the grounds of insubordination. He insists that in refusing to report to the new facility, he was "exercising an option he had under Alabama law. That option was to refuse a mid-year transfer."
We find Stephens's argument to be somewhat convoluted and definitely without merit. Stephens was properly notified in May 1991 that he would be transferred to the new consolidated high school. At the beginning of the 1991-1992 school year, Stephens became a part of the newly created high school. For all practical purposes, his transfer became effective at that point. Stephens never contested the transfer. It appears that his "option to refuse a mid-year transfer" did not become a viable "option" until after his employment had been terminated. *Page 552 
Stephens contends that the Board failed to follow procedural requirements of the tenure laws when it failed to make its February 1992 and March 1992 minutes a part of the record. He asserts that such failure denied him the right to have the Board's compliance with the tenure laws reviewed by the Commission and the courts.
During the hearing before the Board, Stephens requested that the minutes be made a part of the record. He specifically stated that he did not object to a later supplementation. From our review, it appears that the record was supplemented with the February 1992 and March 1992 minute entries prior to the Commission's consideration of the matter. We find no error.
Stephens finally asserts that the Commission erred in failing to hear his appeal within 60 days as required by § 16-24-10, Code 1975.
The Board requested a two-week extension because the complete transcript of the Board's hearing was not timely provided by the court reporter. The Commission granted the request. It was within its discretion to do so. Key v. Alabama State TenureComm'n, 407 So.2d 133 (Ala.Civ.App. 1981). We find no error.
The trial court's denial of the petition for writ of mandamus is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.